·Maynard, Respondent, vs. Hall and wife, imp., Appellants.

*February 21 — March 10, 1896.*

*Usury:* Lex loci contractus: *Forfeiture of interest: Statute construed:*
Equity: *Tender of principal.*

1. In an action to foreclose a mortgage on land in this state given in
   another state to secure a note made and payable there, the judg-
   ment to be given, in respect to the questions of usury and inter-
   est, is such as the courts of that state would give according to its
   laws.

2. Ch. 74, R. S. of Illinois, 1881 (providing that if any person shall con-
   tract to receive a greater rate of interest than eight per cent. he
   shall forfeit the whole of said interest and shall be entitled only
   to recover the principal sum due), imposes the loss of all interest,
   both that accruing before and that accruing after the maturity
   of the obligation.

3. The rule of equity requiring a tender of the principal sum loaned
   as a condition of relief does not apply where, in an action to fore-
   close a mortgage, the borrower sets up usury merely as a defense,
   claiming only what the statute secures to him.

4. The provision of sec. 1692, R. S., that to make his plea of usury
   available a defendant must prove a tender of the principal sum, is
   not applicable to a case arising under and governed by the stat-
   utes of another state against usury.

·.· Appeal from a judgment of the circuit court for La Fay-
ette county: Geo. Clementson, Circuit Judge. *Reversed.* ·

This action was brought for the foreclosure of a mortgage
executed by the defendants *Thomas Hall* and *Mary Jane
Hall,* his wife, to the plaintiff, a citizen of Illinois, to secure
the payment of a note dated June 9, 1887, for $4,000, exe-
cuted by them in Illinois, and payable to the plaintiff or
order, on or before June 9, 1888, at the Bank of Apple
River, at Apple River, Illinois, with interest after date at
the rate of eight per cent. per annum, payable annually,
until paid. The answer contests the right of the plaintiff to
recover any more than the principal sum of $4,000, on the
ground that the note and mortgage given to secure the debt

of that amount were usurious under the law of Illinois in force at the time, which was pleaded and proved at the trial.

It was found by the court that at the date of the note the defendant *Thomas Hall* was indebted to the plaintiff in a sum exceeding $4,000, and to secure that portion of said indebtedness the promissory note and mortgage in question were executed, and that it was agreed at the time that the defendant *Hall* should pay, and the plaintiff should receive, for interest on the said $4,000, twelve per cent. per annum, eight per cent. whereof was agreed to be paid by the terms of the said note, and the additional four per cent., or $160, up to the maturity of the note, one year after date, was to be and was paid at the time in advance; that soon after the maturity of the note it was further agreed that the defendant *Hall* should pay, and the plaintiff should receive, twelve per cent. interest upon said note for the year next after its maturity,— that is to say, four per cent. per annum, or $160, in addition to the eight per cent. secured thereby,— which the defendant *Hall* paid, and the plaintiff then received, in advance; both payments having been made by checks drawn on the plaintiff, who was a banker, by the defendant *Hall*, against his account with him, and were thereupon paid and charged accordingly. It was further found that the note and mortgage were Illinois contracts, to be governed by the interest and usury laws of that state existing at the time; and the cases of *First Nat. Bank v. Davis*, 108 Ill. 633, and *Harris v. Bressler*, 119 Ill. 467, and other cases in the supreme and appellate courts of that state, were read in evidence. The court found the amount due on the note and mortgage was the principal sum of $4,000, with interest from June 9, 1888, the time when the note, by its terms, became due, at the rate of six per cent. per annum, and gave judgment of foreclosure accordingly, from which the defendants *Thomas Hall* and *Mary Jane Hall*, his wife, appealed.

For the appellants there was a brief by *Orton & Osborn*, and oral argument by *P. A. Orton*. To the point that no tender has ever been required where the borrower in a suit to foreclose a mortgage sets up the usurious character of the contract sued on, they cited *Newman v. Kershaw*, 10 Wis. 333, 349; *Haggerson v. Phillips*, 37 id. 364; *McFarland v. Carr*, 16 id. 259; *Rietz v. Foeste*, 30 id. 693; *Fanning v. Dunham*, 5 Johns. Ch. 122; *Gore v. Lewis*, 109 N. C. 539; *Union Bank v. Bell*, 14 Ohio St. 200; *Kuhner v. Butler*, 11 Iowa, 419; 27 Am. & Eng. Ency. of Law, 1039; 1 Story, Eq. Jur. § 64.

For the respondent there was a brief by *Wilson & Martin* and *Wm. Spensley*, and oral argument by *R. J. Wilson*. They contended, *inter alia*, that sec. 1692, R. S., in the light of its language, is independent of all the other sections of our statute upon the subject of usury, and in no way relates to usurious contracts or as to what constitutes usury in a contract, but only deals with procedure in the courts of this state by *all persons* setting up the plea of usury. No matter where the contract is made or by the law of what state it may be governed, if it be usurious and the party sets up that plea in a court of this state, he must make good the tender under that section. *Platt v. Robinson*, 10 Wis. 128. But aside from our statute whenever the debtor asks relief, he is required as a condition of obtaining it to pay the sum actually due, together with legal interest. 27 Am. & Eng. Ency. of Law, 1037, and cases cited in note 1; *Ferguson v. Sutphen*, 8 Ill. 547; *Parmelee v. Lawrence*, 44 id. 405; *Tooke v. Newman*, 75 id. 215; *Stevens v. Meers*, 11 Ill. App. 138; *Rosencrans v. Schnacke*, 13 id. 216. The fact that the statute forfeits all interest for usury does not affect this equitable rule; nor does the fact that the statute declares all contracts and securities void for usury. 27 Am. & Eng. Ency. of Law, 1038; *Cushman v. Sutphen*, 42 Ill. 256; *Carver v. Brady*, 104 N. C. 219. Our own supreme court, in the

Maynard vs. Hall and wife.

face of our statutes now found in sec. 1690, R. S., has held that the defendant will not be permitted to amend his answer, or answer after default, setting up usury, unless he tenders the debt and legal interest. *Newman v. Kershaw,* 10 Wis. 333; *Dole v. Northrop,* 19 id. 249; *Jones v. Walker,* 22 id. 220.

PINNEY, J. The only question involved is whether the plaintiff was entitled to recover any money for interest on the note and mortgage. They are Illinois contracts, and governed wholly by the Illinois laws. The judgment to be given, in respect to the questions of usury and interest thereon, is to be such as the courts of that state would give, according to the laws of Illinois. By the Revised Statutes of Illinois of 1881 (ch. 74, secs. 1, 4–6), it is provided, in substance, that the lawful rate of interest shall be six per cent.; that it should be lawful, by written contract, for parties to agree that eight per cent. per annum, or any less sum, should be paid; that no person should, directly or indirectly, accept or receive, in money, goods, etc., or in any other way, any greater sum or greater value for the loan, forbearance, or discount of any money, goods, or thing in action, than above specified, and that "if any person or corporation in this state shall contract to receive a greater rate of interest or discount than eight per cent. upon any contract, verbal or written, such person or corporation shall forfeit the whole of said interest so contracted to be received, and shall be entitled only to recover the principal sum due to such person or corporation; and that all contracts executed after this act shall take effect, which shall provide for interest or compensation at a greater rate than herein specified on account of nonpayment at maturity, shall be deemed usurious, and only the principal sum due thereon shall be recoverable." The above provisions are also made applicable to any written contract, wherever payable, if made in Illinois, or be-

tween citizens or corporations of that state and citizens or corporations of any other state, territory, or country, or shall be secured by mortgage or trust deed on lands in such state.

It is difficult to see how there can be any room for doubt of the legislative intent where it is enacted, as in these provisions, that, if any person or corporation shall contract to receive a greater rate of interest or discount than eight per cent., such person or corporation " shall forfeit the whole of said interest so contracted to be received, and shall be entitled *only to recover the principal sum due* to such person or corporation." The latter clause is too clear and decisive to admit of doubt or require construction. The statute is aimed at the evils supposed to grow out of usurious contracts, and it imposes the loss of *all* interest, not only such as might accrue before the maturity of the obligation, but that, as well, which might accrue thereafter. The case of *First Nat. Bank v. Davis*, 108 Ill. 633, relied on by the plaintiff, which arose under a statute the same in substance, holds that, where the contract is usurious, after the maturity of the obligation the principal sum will draw the legal rate of interest at six per cent., and that interest at that rate may be recovered thereon. This appears to be directly contrary to the words of the statute. The decision was by a divided court; two of its judges dissenting from this view, and two others of the seven holding that the transaction in question was not usurious. The proposition, therefore, for which the case is cited, could not have had the concurrence, it would seem, of more than three judges,— a minority of the court. In the subsequent case of *Harris v. Bressler*, 119 Ill. 467, 471, where the same question again arose, the case of *First Nat. Bank v. Davis, supra*, was considered, and it was expressly overruled, as to this question, by the unanimous decision of the court, made before the securities in question were executed; and it was held in

*Harris v. Bressler, supra,* that in such case no interest, but only the principal sum, could be recovered. Had the plaintiff sued the defendant *Hall* on the note in Illinois, it is manifest that, on the defense made that it was usurious, he could not have recovered any interest, and would have been " entitled only to recover the principal sum due." This view is decisive of the case.

As the defendants have not applied for equitable relief, the equity rule applicable to cases requiring a tender of the principal sum loaned, as a condition of relief, does not apply. The defendants stand on the defensive, and claim only what the statute secures to them.

The provision of sec. 1692, R. S., that " when any person shall set up the plea of usury in any action instituted against him, such person, to be entitled . . . to the benefit of such plea, shall prove a tender of the principal sum of money or thing loaned to the party entitled to receive the same," is a provision of the usury laws of this state, and relates only to actions upon contracts made usurious by the provision of the statute of this state, and has no application to a case like the present, arising under and governed by the statute against usury of another state.

It follows that the judgment of the circuit court is erroneous as to the sum adjudged due, and must be reversed. The plaintiff cannot have judgment for more than the principal sum of $4,000 and costs.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to enter judgment in conformity to the opinion of this court.