D. W. PERVIS, AS SHERIFF AND *Ex Officio* ADMINISTRATOR OF THE ESTATE OF SARAH BEXLEY, DECEASED, *et al.,* *Appellants,* v. TALULAH H. FRINK, *Appellee.*

1. All the points adjudicated by an appellate court upon a writ of error or an appeal become the law of the case, and are no longer open for discussion or consideration.

2. Where a contract is found to be usurious, only the actual principal sum thereof can be enforced either at law or in equity, Section 3106 of the General Statutes of 1906 expressly providing that "the entire interest" shall be forfeited. This provision is applicable not only to the interest from date to maturity but to the interest after maturity as well.

3. Usuary in a loan will not prevent the recovery of reasonable attorney's fees where foreclosure is necessary to enforce the payment of the principal sum of the loan. Where the amount of attorney's fees found by the master in his report, which report was confirmed by the Circuit Court, is supported by

the testimony, and, in view of the protracted nature of the litigation, both in the Circuit Court and in the Appellate Court, does not appear to be unreasonable or excessive, such amount will not be disturbed.

This case was decided by Division A.

Appealed from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Appellants;

*A. B. & C. C. Small,* for Appellees.

SHACKLEFORD, J.—For the third time the appellant brings this case here. The first appeal was from an inter-locutory order denying the application for a change of venue, which order was affirmed. 55 Fla. 715, 46 South. Rep. 171. The second appeal was from the final decree. 57 Fla. 519, 49 South. Rep. 1023, wherein a statement of the facts will be found. Upon this appeal the appellants have assigned several errors and the appellee has also filed cross-assignments, in accordance with the provisions of Special Rule 4 of Rules of the Supreme Court, relating to appeals in chancery, found on page 31 of such Rules, pre-fixed to 51 Fla. 37 South. Rep XIV. We shall not discuss these assignments in detail but only such of them as we think merit discussion. We would call attention at the outset to the principle which we have several times had occasion to announce, that all the points adjudicated by an appellate court upon a writ of error or an appeal be-come the law of the case, and are no longer open for discus-sion or consideration. McKinnon v. Johnson, 57 Fla. 120,

48 South. Rep. 910, wherein prior decisions of this court will be found cited. As will be readily seen by reference to the opinion rendered on the second appeal in this case, 57 Fla. 519, 49 South. Rep. 1023, we held that "Where a loan of money is made and the amount received as interest is more than ten per cent per annum upon 'the actual principal sum received' by the debtor, it is usury, even though the excess is caused solely by the reservation in advance of the interest." We also referred to Sections 3105 and 3106 of the General Statutes of 1906, and would now refer to Sections 3103, 3104 and 3107, which together with the two sections previously cited set forth the statute law in force in this State, at the time this action was brought, relate to interest and usurious contracts. These sections, or some of them, have been amended by Chapter 5960 of the Laws of Florida, found on page 158 of the Acts of 1909, but we are not now concerned with the changes made by this Chapter. We found that, although the note executed by the debtor was for $700.00, to secure the payment of which the mortgage was given, the foreclosure of which is sought, yet that the actual sum received by the debtor was only $682.50, the creditor having withheld $17.50 as the first quarter's interest on the loan. For the reasons which we set forth in the opinion we held that such contract was usurious and that "because of the violation of the statute the plaintiff was entitled to recover 'only the actual principal sum' received by the defendant's intestate." As we also said, Section 3106 of the General Statutes expressly provides that "only the actual principal sum of such usurious contracts can be enforced either at law or in equity." We further held that "usury in a loan will not prevent the recovery of *reasonable* attorneys' fees provided for, where foreclosure is necessary to enforce the payment of the principal sum of the loan," adding that "the courts should ex-

ercise care and caution in decreeing attorneys' fees to the end that only reasonable fees for service rendered be allowed." All of these adjudicated points have now become the law of the case.

After the cause was remanded the defendants, by leave of the court, filed a plea of tender by which they tendered the sum of $565.00 in full satisfaction of the mortgage indebtedness, and by agreement of the respective counsel the cause was referred to R. T. Boozer, Esquire, as Special Master, who was "directed to receive and take such testimony or evidence herein as might be offered by either party in the time aforesaid, and to report to the court, with all convenient speed, his findings upon the testimony taken by him and the other testimony previously taken in this cause, as to what amount, if anything, is due and owing to the complainant upon the mortgage indebtedness herein, and what sum would be a reasonable fee or compensation to be allowed complainant's counsel for foreclosing the mortgage herein sought to be foreclosed, and that he report his said findings, in writing, together with all the evidence or testimony so taken, to this court with all convenient speed."

Such master made his report, in accordance with such order, wherein he found that, after deducting all credits to which the defendants were entitled, there was due the complainant as principal on the note the sum of $590.50, and that "the sum of $250.00 would be a reasonable fee to be allowed compalinant for her solicitor's fee for the foreclosure of the mortgage in this suit." Both the complainant and the defendants filed exceptions to the master's report, all of which were overruled by the court, the report of the master confirmed in all respects and a final decree rendered in accordance therewith.

After a careful consideration of all the proceedings as

set out in the transcript and an examination of the briefs
of the respective counsel, we are of the opinion that sub-
stantial justice has been done between the parties and that
no reversible error has been made to appear to us.    We
think that the defendants were allowed all credits to which
they showed themselves to be entitled and that, as they
tendered a less amount than was actually due for prin-
cipal, their plea was properly overruled.   As we have al-
ready said, we had held, upon the former appeal, that rea-
sonable attorneys' fees were recoverable for the foreclosure
of the mortgage, notwithstanding the usury found in the
loan.    After reading the testimony adduced as to what
would be reasonable attorneys' fees to be allowed in this
case, in view of the protracted nature of the litigation,
both in the Circuit Court and in this court, we are not
prepared to hold that the sum of $250.00, as found by the
master and confirmed by the Circuit Court, is an unreason-
able amount, or so excessive as to warrant our interfering
with it.   We are also of the opinion that the contention of
the complainant, as to being entitled to recover interest
at the legal rate upon the actual amount of the principal
loaned after the maturity thereof, cannot be sustained. The
law of the case would seem to settle this point adversely to
such contention, but, even if it does not, we think that the
peculiar wording of our statute is such as to preclude its
recovery.   We would also refer to the following authorities
as throwing light upon the point: Bressler v. Harris, 19
Ill. App. 430, which was affirmed in 119 Ill. 467, 10 N. E.
Rep. 188; Maynard v. Hall, 92 Wis. 565, 66 N. W. Rep.
715; Richards v. Bippus, 18 D. C. 293.

There seems to be no occasion for further discussion.
The final decree, from which the appeal was entered, is af-
firmed.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.