LABORDE, Judge.
Plaintiff-appellee, Francis Romero, brought suit against Mosquito Control Contractors and the Iberia Parish Police Jury to void a contract between the two defendants. The trial court voided the contract, finding that the resolution authorizing the contract violated the state’s “open meetings law.” The trial court further held that the contract was not ratified by subsequent conduct of the governing body. We agree.
The facts surrounding this case are not in dispute. The case was tried on the stipulated facts of the parties.
On May 25,1982, the Iberia Parish Police Jury[1] (Police Jury) entered into a one year contract with Mosquito Control Contractors, Inc. (MCC). In 1983, the Police Jury extended this contract for only one (1) year with the new term running to May 31, 1984. On December 13, 1983, the Police Jury attempted to contract with MCC for another three years, beginning May 28, 1984 and ending May 28, 1987. It is this contract extension which is the subject of this dispute.
The contract provides that MCC is to render mosquito control services to the Parish in consideration of payments of $410,000.00 for 1984-1985, $420,000.00 for 1985-1986, and $430,000.00 for 1986-1987. The resolution to extend the contract for three years was not on the printed agenda for the meeting; nonetheless, it was offered by Police Juror George Gros. No motion was offered to expand the agenda to consider Juror Gros’s motion. During the meeting, Juror Francis Romero, plaintiff in this case, objected to the resolution being proposed because it was not on the agenda. The Office of the District Attorney was called upon by the Police Jury to provide a legal opinion regarding the proper manner in which to proceed.
Assistant District Attorney Ralph Lee advised the Police Jury that they were out of order and that in order for them to proceed, a motion to expand the agenda would have to be approved. The President of the Police Jury, Mr. Langlinais, overruled Mr. Lee. Juror Romero then offered a substitute motion to adjourn the meeting, whereupon he was ruled out of order by Mr. Langlinais. Two Police Jurors, Messrs. Francis Romero and Caesar Co-meaux, protested that the Police Jury was about to engage in an illegal and improper activity, then walked out of the meeting. The resolution to extend the contract was adopted thereafter by a vote of eight to four (8-4) with two members of the fourteen-member Police Jury abstaining.
On December 15, 1983, the District Attorney’s Office for the 16th Judicial District advised the Police Jury that the resolution of December 13, 1983, was voidable because of the failure to comply with the “open meetings law.” The matter was *360 placed on the agenda for the next regular meeting, scheduled for December 27, 1988. At the December 27, 1983 meeting, Juror Gros again moved that the mosquito control contract be extended for three years. A substitute motion to rescind the resolution of December 13, 1983, failed by a vote of seven to seven (7-7) vote. The vote on the original motion to extend the contract also failed by a seven to seven (7-7) vote. The matter was placed on the agenda of the Iberia Parish Council meeting set for January 25, 1984. Councilman Carl Meche’s motion to rescind the resolution of December 13, 1985, failed by a seven to seven (7-7) vote. Finally, at a special meeting of the Council, on February 13, 1984, Councilman Meche moved to rescind the resolution of December 13, 1983, but the meeting was adjourned with no action having been taken on the motion.
It should be noted that before Mr. Romero instituted this suit on February 10, 1984, he notified the State Attorney General’s Office and the Office of the District Attorney for the 16th Judicial District of the violation of the “open meetings law.” Neither the Attorney General nor the District Attorney took action as requested by plaintiff.
The trial judge incisively addressed the main issue of this controversy. He decided that the resolution of December 13, 1983, was illegally adopted for lack of prior notice, and that the eight to four (8-4) vote was insufficient to constitute approval to expand the agenda as provided for in LSA-R.S. 42:7(A)(1). The Court further found that the subsequent deadlock of the Council neither ratified nor rescinded the resolution; it only demonstrated the governing body’s impotence. Plaintiff was awarded attorney’s fees in the amount of $1,500.00 pursuant to LSA-R.S. 42:11(C). We agree with each of the trial judge’s conclusions.
ASSIGNMENT OF ERROR
Mosquito Control Contractors, Inc. appeals only one issue: Did the trial court err in failing to find that the contract between MCC and Iberia Parish, although voidable, had nevertheless been ratified and adopted by the subsequent conduct of the Iberia Parish Council?
Resolution of this issue must be achieved in the context of the “open meetings law,” LSA-R.S. 42:4.1, which provides:
“It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.”
A corollary to our right to open and public meetings is our right to know, in advance, the subject matter upon which governing bodies will deliberate and vote. To this end, LSA-R.S. 42:7(A)(1) was enacted. It provides in part:
“A. (1) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of their regular meetings, if established by law, resolution, or ordinance, at the beginning of each calendar year. Such notice shall include the dates, times, and places of such meetings. All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting. Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.”
The Legislature was aware that the “open meetings law” would not always be observed, so a remedy was furnished in LSA-R.S. 42:9, which provides:
“Any action taken in violation of R.S. 42:4.1 through R.S. 42:8 shall be voidable by a court of competent jurisdiction. A suit to void any action must be commenced within sixty days of the action.”
*361 The extensive enforcement provision of the “open meetings law” indicates the commitment which the Legislature has to open and public fora. “The attorney general shall enforce the provisions of R.S. 42:4.1 through R.S. 42:8 throughout the state.” LSA-R.S. 42:10(A). “Each district attorney shall enforce the provisions of R.S. 42:4.1 through R.S. .42:8 throughout the judicial district within which he serves.” LSA-R.S. 42:10(B). “Any person who has been denied any right conferred by the provisions of R.S. 42:4.1 through R.S. 42:8 or who has reason to believe that the provisions of R.S. 42:4.1 through R.S. 42:8 have been violated may institute enforcement proceedings.” LSA-R.S. 42:10(C).
The resolution of December 13, 1983, was adopted in violation of LSA-R.S. 42:7. The MCC contract extension was not a subject on the agenda for the December 13, 1983 Police Jury meeting. The requisite number of members present at the meeting failed to vote to enlarge the agenda to take up the contract extension. As aptly stated by the trial judge in his reasons for judgment:
“The issue, presented by the defendants, as to whether a separate vote must be taken solely to expand the agenda, is not necessary to the resolution of this case. The Court is of the opinion that the 8-4 vote at the meeting of December 13, 1983, did not constitute a two-thirds vote of the members present at the meeting under La.R.S. 42:7.
La.R.S. 42:7 requires the vote of two-thirds of the members present at a meeting of a public body in order for the public body to take up an issue not on the agenda. La.R.S. 42:4.2(1) defines “meeting” as follows:
(1) ‘Meeting’ means the convening of a quorum of a public body to deliberate or act on a matter over which the public jurisdiction or advisory power.” [sic][2] (Emphasis supplied)
All fourteen members of the Police Jury were present at the convening of the meeting of December 13, 1983. It was only after the Police Jury refused to follow the advice of its legal counsel that two members of the Police Jury left the meeting. Because La.R.S. 42.7 requires a vote of two-thirds of the members present at a ‘meeting’ to expand the agenda and ‘meeting’ is defined by 42:4.-2(1) as the convening of a quorum, it is necessary in order to expand the agenda to have two-thirds vote of the members present when the necessary quorum convenes. Since there were fourteen members of the Police Jury present when the meeting commenced, ten votes in favor of expanding the agenda would be necessary in order to do so. As stipulated by the parties, only eight members of the Jury voted in favor of extending the mosquito control contract. Therefore, even assuming that a two-thirds vote in favor of the resolution serves to expand the agenda under R.S. 42:7, the number of votes in favor of the resolution was insufficient to constitue [sic] two-thirds of the members present at the meeting under the terms of La.R.S. 42:4.2(1) and 42:7.”
The Police Jury ignored the advice of their legal counsel and adopted the resolution knowingly violating the “open meetings law.” Subsequently, the Police Jury and the Council attempted both to ratify and rescind the resolution of December 13, 1983, but failed to do so. Now, on appeal, MCC makes the dubious legal argument that the Police Jury’s failure to ratify the resolution by lawful vote constitutes a tacit ratification of the resolution. Let us look into this argument more closely.
We are not hesitant to find ratification of a contract where the intent to ratify an unauthorized contract is present. As we have stated:
*362 “The doctrine of ratification is firmly established in our civil law, LSA-C.C. Articles 1840 and 3010; Planiol Yol. 2, Section 2255. Many cases in our jurisprudence hold that the unauthorized contract of the agent is ratified by the principal who, with knowledge of such contract does not repudiate it within a reasonable time but instead accepts and retains the benefits. Bolding v. Eason Oil Company, 248 La. 269, 178 So.2d 246; Gallioto v. Trapani, 238 La. 625, 116 So.2d 273; American Guaranty Company v. Sunset Realty & Planning Company, 208 La. 772, 23 So.2d 409; Collins v. Huck, 161 La. 641, 109 So. 341; Succession of Gilmore 154 La. 105, 97 So. 330.”
Ledoux v. Old Republic Life Insurance Company, 233 So.2d 731 (La.App. 3d Cir.), writ refused, 256 La. 372, 236 So.2d 501 (La.1970). For ratification to occur, the facts must indicate a clear and absolute intent to ratify the act. Pailet v. Guillory, 315 So.2d 893 (La.App. 3d Cir.1975).
It is correct, as appellant asserts, that in some situations an unauthorized contract may be ratified by the subsequent action or inaction of the principal upon being apprised of the facts. Louisiana Consumer’s League, Inc. v. City of Baton Rouge, 431 So.2d 35 (La.App. 1st Cir.), writ denied, 435 So.2d 431 (La.1983), (citations omitted). Unfortunately for appellant, the facts of the case do not jibe with the law of ratification. We do not deem the numerous votes taken by the Police Jury and the Parish Council to rescind the resolution as “inaction.” In the same manner, failure to ratify the improper resolution by the Police Jury and the Parish Council is not “action.” The voting deadlock reveals the impotence of the governing body to either rescind or ratify. The political impasse does not indicate a clear and absolute intent to ratify.
The defendants contend that the First Circuit’s holding in Louisiana Consumer’s League “must control” the case at hand. We disagree. In addition to the fact that cases of other circuits are not binding on this Court of Appeal, Louisiana Consumer’s League is easily distinguishable from the instant case. In that case, the Mayor-President of Baton Rouge signed contracts with the League without a City-Parish Council resolution authorizing him to do so. No subsequent ratifying resolutions were passed by the Council authorizing his signature. But the Council had already approved the budget for that year, which included funding for the League’s continued operation; and the Council was aware that the League was receiving funding (for two months) under the contract and that the City-Parish was receiving the League’s services. Although the Council did not take a vote to ratify the contract, allowing the League to continue to serve the City-Parish and paying for the services under the contract for two months constituted a ratification of the contract.
In this case, the Police Jury took no action whatsoever to induce MCC into believing that the improperly passed resolution had been ratified. On December 13, 1983, when the resolution was improperly adopted, the Parish of Iberia and MCC were bound under an existing contract not due to terminate until May 31, 1984. The company had provided no services to which the Parish was not previously entitled. The parish received no benefit under the contract extension.
The Parish Council assuredly had the authority to ratify the voidable resolution, but it failed to do so. See Delta Development Company, Inc. v. Plaquemines Parish Commission Council, 451 So.2d 134 (La.App. 4th Cir.), writ denied, 456 So.2d 172 (La.1984).
Accordingly, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. The Iberia Parish Police Jury was the governing body of the Parish of Iberia until January 1, 1984, when the Iberia Parish Council was instituted as the parish governing authority. We refer to the governing body as either the Police Jury or as the Parish Council depending on the date on which the governing body took action.

. The reasons for judgment contains a typographical error in quoting LSA-R.S. 42:4.2(1) which should read: "(1) ‘Meeting’ means the convening of a quorum of a public body to deliberate or act on a matter over which the public body as an entity has supervision, control, jurisdiction, or advisory power.”