JORGENSON, Judge.
Medina appeals, and Lamonica cross-appeals, from a final judgment entered in favor of Medina. We affirm.
*810 Medina lent Lamonica 500,000 Venezuelan bolivares. As part of the loan transaction, Lamonica gave Medina a postdated check in the amount of $122,000 from which the loan was to be repaid. Some time after the check became payable, Medina presented it to the bank for payment but was informed that Lamonica had put a stop-payment order upon the cheek. Medina then brought suit to collect on the check as well as for prejudgment interest, costs, and attorney’s fees. Lamonica raised the defense of usury.
After trial of the cause, the jury came back with a special verdict for Medina but found that the rate of interest agreed by the parties was between 18% and 25% per year. The court awarded Medina $105,-385.95, which equalled the principal amount of the loan minus double the amount of interest (the court imposed the double interest penalty for usury pursuant to section 687.04, Florida Statutes (1981)) plus taxable costs. The court denied Medina prejudgment interest and attorney’s fees.
On appeal, Medina contends first that the trial court erred in denying him prejudgment interest. Medina argues that a creditor is entitled to recover prejudgment interest computed at the legal rate from the due date of the loan to the date of judgment despite the fact that the transaction in question involves usury. We cannot agree.
Section 687.04, Florida Statutes (1981), provides that a creditor to a usurious contract “shall forfeit the entire interest so charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced_” (Emphasis added.) In Purvis v. Frink, 61 Fla. 712, 54 So. 862 (1911), the Florida supreme court construed a predecessor statute to section 687.04—sec-tion 3106, General Statutes of the State of Florida (1906)—which contains the same language quoted above. In rejecting a contention similar to that being advanced by Medina, the court stated,
We are also of the opinion that the contention of the complainant as to being entitled to recover interest at the legal rate upon the actual amount of the principal loaned after the maturity thereof cannot be sustained. The law of the case would seem to settle this point adversely to such contention; but, even if it does not, we think that the peculiar wording of our statute is such as to preclude its recovery.
Purvis, 61 Fla. at 716, 54 So. at 863.
As his second contention, Medina argues that the trial court erred in not awarding him attorney’s fees pursuant to section 68.065, Florida Statutes (1981). This contention is without merit. By its terms, section 68.065 applies only where payment of a check has been refused “because of the lack of funds or credit.” Because there is no other statutory basis for an award, or an agreement between the parties providing for it, the trial court properly denied Medina attorney’s fees. See Caceres v. Physicians Protective Trust Fund, 489 So.2d 869 (Fla. 3d DCA 1986); Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360, 362 (Fla. 3d DCA), rev. denied, 480 So.2d 360 (1985).
Medina’s third contention is that the trial court erred in imposing the double interest penalty pursuant to section 687.04. Specifically, Medina argues that the interest was not “reserved, taken, or exacted,” but was merely “contracted to be charged.” § 687.04, Fla.Stat. (1981). Again, we disagree. A personal check is a negotiable instrument. § 673.104(2)(b), Fla.Stat. (1985). The sole fact that it is postdated does not prevent it from being transferred to a holder in due course. § 673.304(4)(a), Fla.Stat. (1985). In Wilson v. Conner, 106 Fla. 6, 13, 142 So. 606, 609 (1932), the court held that, where a lender received a negotiable note which included in the principal sum thereof concealed usurious interest, the lender “took, reserved, and exacted such interest as effectually as if the actual money itself to pay such usurious interest had been demanded and paid in advance to the lender.” The rationale underlying the court’s holding was that a negotiable note constitutes more than a *811 mere contract to pay because “the negotiation of [the] note into the hands of an innocent holder for value without notice would ... irrevocably fi[x] the right of such holder to enforce its collection, even as against a plea that it was usurious at its inception_” Wilson, 106 Fla. at 10, 142 So. at 607. This rationale is equally applicable here.
Lamonica’s point on cross-appeal does not present reversible error.
For the foregoing reasons, we affirm the judgment below.
Affirmed.