D. W. PURVIS, AS SHERIFF AND EX OFFICIO ADMINISTRATOR OF ESTATE OF SARAH BEXLEY, DECEASED, R. R. BEXLEY and M. A. BEXLEY, *Appellants, v.* TALULAH H. FRINK, *Appellee.*

1. Where a loan of money is made and the amount received as interest is more than ten per cent per annum. upon " the actual principal sum received" by the debtor, it is usury, even though the excess is caused solely by the reservation in advance of the interest.

2. Usury in a loan will not prevent the recovery of reasonable attorney's fees provided for where foreclosure is necessary to enforce the payment of the principal sum of the loan.

3. The courts should exercise care and caution in decreeing attorney's fees to the end that only reasonable fees for services rendered be allowed.

4. To properly maintain the dignity, independence and impartial-

ity of the courts, persons who are related to any of the litigants in a cause should not be appointed examiners or masters therein.

This case was decided by Division A.

Appeal from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for Appellants.

*Roberson & Small,* for Appellee.

WHITFIELD, C. J.—The appellee brought foreclosure proceeding and the defense of usury was interposed. The court overruled that defense and from a final decree for the payment of the principal with interest and attorneys' fees the defendant appealed. The mortgage was given to secure the payment of a note for $700.00, payable in one year with interest, payable quarterly in advance at 10 per cent. per annum. The lender reserved $17.50 as the first quarter's interest, and the actual principal sum received by the borrower was $682.50. Two other payments of $17.50 each as interest for separate quarters were made.

The statute declares it to be unlawful "to reserve, charge or take for any loan or forbearance of money" as interest or otherwise "whereby the debtor is required or obligated to pay a greater sum than the actual principal sum received, together with interest at the rate of ten per centum per annum." It is further provided "that only the actual principal sum of such usurious contracts can be enforced either at law or in equity." Sections 3105, 3106 General Statutes of 1906.

"The actual principal sum received," by the debtor in this case was $682.50. As "to reserve, charge or take" $17.50 as quarterly interest payments exceed the lawful rate of interest on $682.50 "the actual principal sum received," and as an excessive total amount is demanded, the action of the parties under the contract violates the statute. Because of the violation of the statute the plaintiff was entitled to recover "only the actual principal sum" received by the defendant's intestate. See Maxwell v. Jacksonville Loan & Improvement Co. 45 Fla. 425, 34 South. Rep. 255; Lyle v. Winn, 45 Fla. 419, 34 South. Rep. 158.

Usury in a loan will not prevent the recovery of *reasonable* attorneys' fees provided for, where foreclosure is necessary to enforce the payment of the principal sum of the loan. Skinner v. Southern Home Building & Loan Ass'n, 46 Fla. 547, 35 South. Rep. 67. See also Section 3107 General Statutes of 1906.

The courts should exercise care and caution in decreeing attorneys' fees to the end that only reasonable fees for service rendered be allowed.

To properly maintain the dignity, independence and impartiality of the courts, persons who are related to any of the litigants in a cause should not be appointed examiners or masters therein.

The decree is reversed and the cause remanded.

SHACKLEFORD and COCKRELL, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.

### REHEARING.

WHITFIELD, C. J.—In a petition for rehearing it is

urged that the court has mistaken the purpose and meaning of the peculiar Florida statute upon the subject of usury.

The testimony is that only $682.50 was actually received by the debtor, the creditor having withheld $17.50, as the first quarter's interest on the loan. "The actual principal sum received," $682.50, " together with interest at the rate of ten per centum per annum," amount to $750.75, whereas the payment of $700.00 together with three quarters' interest at $17.50 each (and disregarding the $17.50 which was withheld by the creditor as the first quarter's interest and was never actually received by the debtor) would be $752.50; therefore by the agreement and conduct of the parties, "the debtor is required or obligated to pay a greater sum than the actual principal sum received, together with interest at the rate of ten per centum per annum," in violation of the terms of the statute.

A rehearing is denied.

Shackleford and Cockrell, JJ., concur.

Taylor, Hocker and Parkhill, JJ., concur in the opinion.