FANNIE B. SULLIVAN and husband, EDWARD W. SULLIVAN, *Appellants,* vs. A. C. THUMM and MINNIE GRACE THUMM, his wife, *Appellees.*

Division A.
Opinion filed April 20, 1931.

*VanFleet, Collins & Miller,* for Appellants;

*H. W. Holland,* for Appellees.

ELLIS, J.—This is a suit to enforce a mortgage executed by Fannie B. Sullivan and her husband Edward W. Sullivan to A. C. Themm and Minnie Grace Themm, his wife, on a certain lot of land in Pinellas County to secure the payment of a promissory note for the sum of $5000. dated February .., 1927, and payable on or before three years after date with interest from date. at the rate of ten per cent per annum.

The note contained a clause for the payment of a reasonable attorney's fee if placed in the hands of an attorney for collection. The mortgage contained an acceleration clause and an agreement to pay reasonable attorney's fees whether collected by foreclosure or otherwise.

The defense interposed by answer was usury. It was averred that the complainants wilfully and knowingly charged interest amounting to forty-four per cent of the principal sum actually due. It was averred that the sum actually loaned was only $3,700. for which the complainants required a note for $5,000. and charged 8 per cent interest on that sum. Sections 4851-4852 and 4855 R. G. S. 1920 are invoked in aid of the defense. The first of these sections defines usury to be the taking a rate of interest greater than ten per centum per annum for any loan. The next section precribes the penalty for a violation of the provision of the preceding section which is made the forfeiture of the entire interest charged or reserved and provides that only the actual principal sum of such usurious contract may be enforced in court in this State either at law or in equity and section 4855, *supra,* provides the penalty in case of excessive interest charges. It provides that whoever wilfully and knowingly charges or accepts any sum of money greater than the sum loaned and an additional sum of money equal to twenty-five per centum per annum upon the principal sum loaned by any contrivance or device shall forfeit the entire sum both principal and interest to the party charged and shall also be deemed guilty of a misdemeanor and on conviction be fined or imprisoned or suffer both penalties.

"The defense of usury has no especial claims upon the indulgence and favor of the court, but should be disposed of upon the same principles and in the same manner as other defenses." See Bettis v. Tampa Real Estate Exchange & Loan Ass'n, 62 Fla. 435, 56 South. Rep. 499; Webb on Usury Sec. 428; Cooper v. Rothman, 63 Fla. 394, 57 South. Rep. 985; Owens v. State, 63 Fla. 26, 58 South. Rep. 125.

The evidence in the case is unclear. The parties to the transaction seemed to have no accurate recollection of the details of the transactions which eventually merged into the contract to pay the complainants five thousand dollars with interest at the rate of ten per centum per annum. The chancellor, after reviewing all the evidence concluded that the sum of money actually loaned by the complainants or paid out by them for the defendants' benefit through a period of years from June 23, 1925, to and including April 11, 1928, amounted to $4,540.87, but that sum included items post dating the note which was executed February 8, 1927, amounting to $419.74. He found that the usurious interest amounted to $419.13, double the amount of which, or $918.26 he ordered should be deducted from the principal sum of $5000, stated in the note. He also allowed the complainants attorneys' fees amounting to $575. The items aggregating the sum of $419.74, which were paid by the complainants after the date of the note we think it was proper to allow as the payments were for the benefit of the defendants' property and constituted in reality part of the transactions which gave rise to the indebtedness.

The usurious interest, however, doubled and forfeited to the defendants, should be deducted from the loan actually made or the sum of money advanced and paid out by complainants for the benefit of the defendants and not from the fictitious sum of $5000.

The course which the Chancellor pursued nullified the provisions of the statute which provides that not only the usurious interest but double that sum should be forfeited to the debtor. Therefore the penalty should be taken from the sum found by the Chancellor to have been actually advanced. The allowance of the sum of $575. as solicitors' fees

was also erroneous because there was neither allegation nor proof that the complainants incurred such an obligation to the solicitors for the service performed by them in the foreclosure proceedings. See Reid v. Merrell, .. Fla..., 130 South. Rep. 713; Close v. Webster, decided Jan. Term 1931; Burns v. Harrison, .. Fla. .., 131 South. Rep. 654; Brett v. First Nat. Bank of Marianna, 97 Fla. 284, 120 South. Rep. 554.

The decree is reversed with directions to enter a decree in accordance with this opinion.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.