EDMUND J. WILSON, and ELLA D. WILSON, his wife, *Appellants*, vs. ROGER CONNER and ANGELINA CONNER, his wife, and KNIGHT CONSTRUCTION COMPANY, a corporation under the laws of the State of Florida, *Appellees*.

142 So. 606.

Division B.

Opinion filed June 14, 1932.

*S. J. Barco*, for Appellants;

*Walsh, Beckham, Farley & Ellis,* for Appellees.

DAVIS, J.—Appellees brought foreclo'sure proceedings to which the defense of usury was interposed by the answer. The mortgage was given to secure the payment of a note in the principal amount of $10,000.00, payable on or before two years after date, with interest thereon at the rate of 8 per cent. per annum, payable semi-annually in advance.

At the time the note was executed, the lender reserved the sum of $1552.25, by reason of which there was turned over to the mortgagors only the sum of $8447.75. The $1552.25 so reserved was made up of items as follows: for one year's advance interest on $10,000.00 at 8 per cent.—$800; for *bonus* for making the loan,—$500.00; and for *expenses* to the appellees in connection with the making of the loan,—$252.25. The latter item of $252.25 appears to have been attorney's fees and expenses which the mortgagees required the mortgagors to pay incidental to the perfecting of the title to the land given as security, and was made up of an item of $150.00 for clearing record title of defect, $100.00 for having title examined and services of counsel in closing, and $2.25 for having the mortgage recorded. These items appear to have been deducted from the sum lent before it was turned over to the borrower.

A Master found that there was due to the mortgagees $9500.00 for principal, no interest on this amount being mentioned. The decree was for the principal sum of $9500.00; for taxes and improvement liens payable, $1,550.72; interest on the latter to Dec. 10, 1928; expense of abstract $13.00 and $825.00 for complainant's attorneys, and the defendants appealed after having applied for and been denied a rehearing by the Chancellor. The con-

tention made here is that the final decree is erroneous as to amount, because of the usury established in the transaction which formed the basis of the suit, and that it should be materially reduced by the infliction of the statutory penalties applicable to those who exact usurious interest.

Our statutes (Secs. 6938-6939 C. G. L., 4851-4852 R. G. S.) provide that it shall be usury and unlawful to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of any sum of money, a rate of interest greater than ten per cent. per annum, either directly or indirectly, by way of commission for advances, discount, exchange, or by any contract, contrivance or device whatsoever, whereby the debtor is required or obligated to pay a sum of money greater than the principal sum received, together with interest at the rate of ten per cent. as aforesaid. The penalty for violating the statute is the forfeiture of the entire interest charged, contracted to be charged, or reserved, when the violation is wilfull, and it is further provided that when such usurious interest is ''taken or reserved, or has been paid, either directly or indirectly'' then and in that event the offender who has violated the statute shall forfeit *double* the amount of such usurious interest ''so reserved, taken or exacted.''

Since the Chancellor in this case did not allow the appellant's claim that the sum of $252.25, hereinbefore referred to, was to be considered as a part of the *interest* being charged by the appellees, rather than a bona fide payment to indemnify appellees for expenses incurred in connection with getting adequate security for their loan, and since the proof on this point is not clearly to the effect that the exaction of this item was a mere device or subterfuge to increase the amount of the interest being demanded, we shall eliminate it from consideration and deal

with the case on the assumption that the appellants applied for a loan of $10,000.00 and executed a mortgage for that amount, but only received from the lender the sum of $8,700.00 in cash, that is, the amount of $10,000.00 less $800.00 for one year's advance interest and $500.00 for the so-called "bonus."

Our statutes on the subject of usury (Sections 3104-3105-3106, Gen. Stats. 1906) were before this Court in Purvis v. Frink, 57 Fla. 519, 49 Sou. Rep. 1023, 61 Fla. 712, 54 Sou. Rep. 862. They were there construed to mean that the "actual principal sum received" in a transaction such as we have now before the Court, is to be understood as referring to the actual amount of money which the lender turns over to the borrower when the note is signed and the loan completed.

Since Purvis v. Frink, *supra*, the provisions of the General Statutes of 1906, above referred to, have been amended by the Legislature (See Chapter 5960, Acts of 1909). Nevertheless their meaning and effect remains the same as was decided in the case just cited. The changes in the statute which were brought by the 1909 amendment were by way of strengthening the original legislative prohibitions against usury so as to forestall and denounce in terms certain specific subterfuges and devices by which the statute had, prior to the 1909 amendment, been evaded, thereby defeating its purpose.

In the case at bar, the "actual principal sum received" by the lender must be considered as being $8700.00, under the rule announced by this Court in Purvis v. Frink, *supra*. That such was the holding of the Court in the last cited case has been confirmed by us by an examination of the original court files of that appeal in the archives of the Supreme Court.

Notwithstanding the actual principal sum received was only $8700.00, the borrower in this case was required to

sign, in addition to the mortgage, a *negotiable* promissory note which obligated the promisor to pay back to the lender for the use of this $8700.00 at the end of the first year of the loan, a total sum of $10,800.00. Thus, the lender by this means charged for the use of $8700.00 for one year, advance interest of $800.00, plus a bonus of $500.00, plus a year's interest on $10,000.00 at 8 per cent. or in other words, $800.00 additional interest to be paid at the end of the year. This was accomplished by the execution of the promissory note which required the payment of 8 per cent. per annum interest on the stated fictitious principal of $10,000.00 for the period beginning with its date and running until maturity.

The note signed was negotiable and because of this fact was more than a mere contract to pay the amounts represented by it. By the terms of the usury law, the negotiation of this note into the hands of an innocent holder for value without notice, would have irrevocably fixed the right of such holder to enforce its collection, even as against a plea that it was usurious at its inception, its usurious nature not being made to appear on its face.

Therefore, inasmuch as there was included in the principal of such note the sum of $800.00 advance interest and $500.00 bonus for the loan of an actual sum of only $8700.00 turned over to the borrower, the note being made in such form as to be negotiable by the lender and subject to transfer to an innocent holder against whom the defense of usury would be unavailing, the lender by whom it was exacted must be deemed to have "reserved, taken or exacted" the advance interest of $1300.00, included in the $10,000.00 nominal principal stated on its face.

And by so including the principal sum of this negotiable note for $10,000.00, said sum of $1300.00 interest on $8700.00 actual principal received by the debtor, the lender must be deemed to have incurred as to this particu- .

lar $1300.00 unlawfully exacted interest, a forfeiture not only of its amount, but of double its amount, or in other words, the lender must be deemed to have forfeited to the borrower $2600.00 in all. To include usurious interest in the principal of a negotiable promissory note is under circumstances such as this, to be deemed in law the taking, reserving and exaction of such interest in violation of Section 6939 C. G. L., *supra,* which subjects the offender to the double interest forfeiture provided in the statute when usurious interest is so taken, reserved or exacted.

The note itself therefore constitutes a contract, contrivance or device such as is prohibited by law, whereby the lender, in violation of the usury statute, creates and sets forth therein a fictitious principal of $10,000.00 instead of the actual principal of $8700.00, and thereby exacts from the borrower an *obligation* (because the note on its face is *prima facie* a valid obligation for all that it represents) to pay the lender for the first year of the loan a total sum of $2100.00 interest on an actual principal of $8700.00, or to state it differently, an agreement to pay interest at the rate of a little over 24% per annum for the first year on the actual principal sum received by the borrower.

No question is raised as to the wilfullness of this device thus employed by the lender to make his unlawful exaction, so the note and its attendant mortgage must be held to be usurious, and the penalties for such usury duly imposed.

This being true, the question arises as to what penalty has been incurred by the lender for thus violating the statutes. And to decide this question we have first to determine the nature of the usury of which the lender is guilty. In this connection it must be observed the statutes make a distinction between the consequences which follow usurious interest "taken," "reserved" or "paid" in con-

templation of law, as distinguished from the mere entering into an agreement for the "taking," "reserving" or "paying" of usury, but under which latter kind of agreement no usury is actually "taken," "reserved", or "paid" at the time of the usurious contract, or thereafter in the course of its performance.

Accordingly, under Section 6939 C. G. L. *supra,* the penalty for merely entering into an agreement for usurious interest, is that such interest cannot be enforced in any Court in any kind of action. On the other hand, the penalty for actually taking, reserving or exacting usurious interest is forfeiture of *double* the "amount of interest so reserved, taken or exacted."

The reason for this distinction as to penalty is not hard to ascertain. To exact a mere promise from the borrower to pay interest which the lender will have to enforce through judicial proceedings to which the defense of usury may be interposed and thereby defeat the accomplishment of the wrong before it is consummated by realization of its illegal fruits, is undoubtedly less reprehensible and less burdensome to the borrower than when he is compelled to enter into an obligation by which the usurious interest is in effect taken, reserved or paid in advance by means of the device, contrivance or agreement under which the borrower is obligated to pay and the lender secured in the enforcement of the obligation. The latter kind of device requires affirmative steps to be taken by the borrower to secure relief from the usurious interest which in the first instance he can evade by merely interposing a defense, if, as, and when the lender pursues him.

We hold therefore that any person wilfully violating the usury law by means of any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the *actual principal sum received,* together with interest at the rate of ten

per cent. per annum thereon, must forfeit the entire interest so charged, or contracted to be charged or reserved, and that in such cases only the actual principal sum of such usurious *contract* will be enforced in any court of this State, either at law or in equity, but we are also of the opinion that when said usurious interest is not only contracted for, but is *taken, reserved or has been paid* by means of the device employed for that purpose, then and in that event, as is provided by Section 6939 C. G. L. *supra,* the violator forfeits to the party from whom such usurious interest has been in fact taken, reserved or exacted, *double the amount of the interest so reserved, taken or exacted.*

In the case at bar there was a negotiable promissory note executed by the lender which included in the principal sum thereof the concealed amount of $1300.00 usurious interest, with nothing on the face of such note to indicate that fact. Such note in contemplation of law constitutes an *exaction* of the interest included in the principal sum stated in the face of the note as part of the principal. By including such interest in the amount of the principal, the lender in contemplation of law, thereby took, reserved and exacted such interest as effectually as if the actual money itself to pay such usurious interest had been demanded and paid in advance to the lender.

In Sullivan v. Thumm, 101 Fla. 1412, 136 Sou. Rep. 439, decided at the present term, it was held that where the defense of usury is maintained, the chancellor should deduct from the actual amount loaned, the usurious interest doubled and forfeited to the defendant, and not from the fictitious sum used to veil the usurious transaction.

In the case at bar we have held that $8700.00 was the actual amount loaned. The interest exacted on this sum amounted to $1300.00 for the first year, and is plainly usurious under Section 6939 C. G. L. *supra.* All of the

agreed future interest provided for in the contract was at the outset also legally forfeited through the mere attempt to charge it, regardless of whether any of it was even "taken or reserved" or "paid" at that time or not.

Therefore, not only did the lender forfeit the right to receive under his contract *any* interest on the actual amount loaned, because of his usurious agreement, but he also incurred in addition thereto the forfeiture of double the amount of the usurious interest which *in contemplation of law* had already been reserved, paid or exacted from the debtor at the time the note and mortgage were signed. This means that the lender has forfeited in addition to all interest which he might legitimately have otherwise collected on the actual loan of $8700.00, an additional sum of $2600.00 as a penalty for the accomplished wrong done by the exaction made.

This sum of $2600.00 for the forfeiture is arrived at on the principle stated by MR. JUSTICE ELLIS in Sullivan v. Thumm, supra, by doubling the usurious interest ($1300.00) originally reserved, paid or exacted. Therefore the actual amount loaned of $8700.00 less all interest *agreed* to, less that $2600.00 penalty, is the proper amount of the decree that should have been entered in this case for the mortgage debt.

To the extent that the decree rendered herein is contrary to the principles hereinbefore stated, it is erroneous and should be reversed with directions to enter a modified decree in accordance with this opinion, and it is so ordered. The allowance of an attorney's fee should also be reduced to accord with the amount of the decree as modified, and such fee should also have eliminated therefrom any measure of compensation for services rendered in this case in support of the attempted collection of usury on behalf of the creditor, that is, no indemnity for attorney's fees should be allowed to complainant for any

legal services rendered in connection with efforts to enforce the usury, as distinguished from foreclosing the mortgage for the legally enforceable amount of the debt.

Reversed for modification of decree.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.