GEORGE H. SHERMAN, EMILIE H. SHERMAN, et al., *Appellants,* v. CHARLES R. MYERS, *Appellee.*

146 So. 213.

En Banc.

Opinion filed January 19, 1933.

*O. E. Falls, D. H. Dwyer,* and *Boozer & Boozer,* for *Appellants;*

*Metcalf, Hiatt & Finch,* for Appellee.

PER CURIAM.—Myers, as complainant below, filed suit to foreclose a mortgage for $40,000.00. Sherman, the mort-

gagor and principal defendant, pleaded usury. The Court found that while the mortgage had been executed for $40,000.00, the principal sum was in fact only $32,000.00, which had been lent to the borrower on his agreement to secure it by a mortgage for the fictitious principal of $40,000.00 payable within three years, with eight per cent. interest in the interim. The Chancellor also found that between the time the loan was made and the institution of the suit, the sum of $4,200.00 had been paid in money as interest on the mortgage.

Having found that usury in the transaction existed, the Chancellor undertook to apply the penalty for such usury as provided by Sections 6938, 6939 C. G. L., 4851, 4852 R. G. S. His manner of doing so was to decree that the actual sum of $4200.00 *paid in money,* be doubled and forfeited as against the real principal sum of $32,000.00, and that the *reserved* unlawful interest of $8,000.00 included in the $40,000.00 principal for which the mortgage was nominally made, be eliminated therefrom and forfeited. The final decree was accordingly entered for $23,600.00 as the mortgage debt for which foreclosure was awarded.

We find that the controversy here presented is controlled by what was recently said by us in disposing of the case of Wilson v. Conner, 106 Fla. 6, 142 Sou, Rep. 606, where a somewhat similar case was considered. In that case, usurious interest had been included in the fictitious $10,000.00 principal of a negotiable promissory note secured by a mortgage. In this case usurious interest was included in the fictitious principal of two separate promissory notes, negotiable in character, aggregating $40,000.00, secured by mortgage. There is also in this case the additional factor that during the time the loan had run, the borrower had paid on the loan *in actual money,* the sum of $4200.00 as interest.

Under our holding in Wilson v. Conner, *supra,* the lender, wilfully violating the usury laws, as here, is required to forfeit the entire interest charged or contracted for, and in addition thereto, must forfeit double the amount of interest, which has been reserved, taken or exacted. Here, the interest *contracted for* was eight per centum per annum *on* a fictitious principal of $40,000.00. The amount of interest, reserved, taken or exacted within the Wilson v. Conner rule, *supra,* was $8,000.00, which had been included in the principal of negotiable promissory notes.

The appellant contends that the Chancellor should have doubled and forfeited this $8,000.00 interest so included in the principal of negotiable promissory notes, and thereby in the eyes of the law, reserved, taken and exacted. That contention is supported by what was held by this Court in Wilson v. Conner, *supra,* and inasmuch as a proper predicate for allowance of the claim was laid in the defendant's answer, the Chancellor erred in failing to double and forfeit this $8,000.00 illegally exacted interest, as prayed.

The appellant also contends that inasmuch as the borrower actually paid on the loan in the form of interest, the sum of $4200.00 in money, as found by the Chancellor, that this sum also should have been doubled and forfeited under the statute.

We find this item also covered by what was said in the opinion of Mr. Justice WHITFIELD in the recently decided case of Benson v. First Trust and Savings Bank, decided the 27th day of December, 145 Sou. Rep. 182.

Where usury has been wilfully reserved, or has been wilfully taken, or has been wilfully exacted, the penalty therefor must be applied by the Court in accordance with the statute, Sections 6938, 6939, C. G. L., *supra,* by doubling the sum either taken, reserved or exacted and deducting

the same from the amount of the true principal.   Sullivan v. Thumm, 101 Fla. 1412, 136 Sou. Rep. 439.

In this case, $8,000.00 was wilfully "reserved" within the purview of what was decided in Wilson v. Conner, *supra*. After that had been done, the mortgage holder actually was paid the sum of $4,200.00, as interest on the fictitious principal of $40,000.00. Such sum must accordingly be deemed to have been "taken" or "exacted" (Benson v. First Trust & Savings Bank, *supra*) as much as if it had not been done in connection with another amount of usurious interest "reserved" in the principal by means of a negotiable promissory note.

A majority of the Court are of the opinion that both the $8,000.00 "reserved" and the $4,200.00 subsequently "taken" or "exacted" should be doubled and forfeited, by deducting the amount forfeited from the true principal of $32,000.00. A decree should be entered to accord with this holding.

Other propositions have been advanced for our consideration and have been argued. We shall not discuss them in this opinion. They have been carefully reviewed and we find no warrant for reversing the rulings of the Chancellor involved therein.

The final decree of foreclosure is for an excessive amount of principal. For that reason it must be reversed and ordered modified to accord with this opinion. It is therefore ordered that the final decree herein be reversed to the extent that it includes amounts to be recovered in excess of those approved by this opinion, but otherwise it is affirmed. The court below should enter an amended final decree for the proper amounts, as of the date of the original decree of March 29, 1930, so that interest on the amounts properly decreed in accordance with law in the original decree that was rendered, will run on the sums *decreed*

as from the date of the original decree hereby modified. It is so ordered.

Reversed in part and remanded with directions.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.