MINNIE GRACE THUM MAXWELL, *et vir,* v. FANNIE B. SULLIVAN, *et vir.,* and EMMA F. THUM, *et al.*

166 So. 575.
Division A.
Opinion Filed March 13, 1936.
Rehearing Denied March 30, 1936.

*L. D. Martin,* for Appellant;

*Moreland E. Maddox,* for Appellees.

BROWN, J.—This case had its origin in the case entitled Sullivan, *et al.,* v. Thum, *et ux.,* 101 Fla. 1412, 136 So. 439, in which the Thums foreclosed their mortgage against the property in question then owned by the Sullivans.

The above mentioned A. C. Thum and Minnie Grace Thum, his wife, bought in the property at the foreclosure sale and received a master's deed, but due to domestic troubles, A. C. Thum made a settlement with his wife, Minnie Grace Thum, concerning this and other property as a result of which he and his wife conveyed the premises in fee simple by warranty deed to his brother, William L. Thum. The property was then conveyed by warranty deed to George N. Bickner and wife by William L. Thum and the purchase money mortgage for $3608 executed by the Bickners was given to Emma F. Thum, a sister of A. C. Thum, pursuant to the latter's instructions. This was done pending the appeal to this court, above referred to, which was taken without supersedeas.

A. C. Thum died and Minnie Grace Thum married W. R. Maxwell. On appeal the first foreclosure decree was reversed with directions to enter a decree in accordance with the opinion as sent down in the decision of this court above referred to.

In the present case an order was issued making James Wright administrator *ad litem* for the estate of A. C. Thum and an order making Emma F. Thum co-plaintiff and ordering the foreclosure of the mortgage for her benefit.

Minnie Grace Thum Maxwell then came in and filed a petition to set aside the final decree and order appointing

the above named administrator *ad litem* and pleaded that the mortgage attempted to be foreclosed was payable to A. C. Thum and Minnie Grace Thum, his wife, and that the said foreclosure had been reversed and the cause remanded by the Supreme Court. She also alleged that W. L. Thum paid no consideration for the land and that the mortgage to Emma F. Thum was in reality for A. C. Thum and that Emma Thum was merely holding it in trust. She alleged that Emma Thum sought to foreclose her mortgage contrary to the rights of Minnie Thum Maxwell as owner of the mortgage involved in this foreclosure by right of survivorship of an estate by the entirety, and the further reason of being the relict of A. C. Thum who died intestate without issue.

The order appointing an administrator *ad litem* was set aside and the cause was revived in the name of Minnie Thum Maxwell by W. R. Maxwell as next friend. Emma F. Thum was ruled out as co-plaintiff and ordered to deliver over the mortgage, notes, and abstract of title and other papers held by her in connection with the aforesaid foreclosure suit.

The Bickners came in and denied the indebtedness. They admitted all the facts but said that the reversal by the Supreme Court made the subsequent conveyances void and that the legal title remained in Fannie Sullivan as before, thus breaking the covenants in the deed from W. L. Thum and causing them great damage.

The warranty deed by A. C. Thum and wife to W. L. Thum before reversal was held by the lower court to have had the effect of an assignment of the original mortgage. The main question in this case is whether or not the cograntor, Minnie Thum Maxwell can claim that her deed

created merely a resulting trust in favor of her husband, A. C. Thum.

"The only effect of the consideration clause in a deed is to estop the grantor from alleging that it was executed without consideration and to prevent a resulting trust in the grantor. As between the parties 'one dollar viewed as a consideration is as much a valuable consideration as a million.' * * *. 'If then, the grantor of a deed of bargain and sale, which expressed a money consideration, should be permitted to prove by parol testimony that no money was in fact paid, he.would be permitted to show, in opposition to the deed itself that he had made no conveyance of a beneficial interest at all and thereby prevent any beneficial estate from passing from him by the deed. This the policy of the law would not permit him to do and he was held estopped by his deed from showing the fact for the purpose of preventing his deed from operating to pass the estate.' " Thompson on Real Property, Vol. 4, p. 130, Sec. 3047. See also 18 C. J. 266, par. 222.

As to the grantee's rights in the property, the deed, duly executed by both husband and wife, amounted to a conveyance and not as a partition of land held as an estate by the entirety, and the above cited authority does not make any exception. The deed governs in this case and to allow the grantor to repudiate it would be to set a dangerous precedent. There would be considerable insecurity in land titles if a warranty deed, valid on its face, and reciting a cash consideration, could later be attacked by the former owner-grantor by claiming that he had conveyed it to the apparently absolute grantee in trust for himself.

The principle of estoppel applies to Minnie Grace Thum Maxwell and she cannot now attack the deed in which she was one of the grantors. One who puts property in the

possession of another with indicia of ownership is thereafter estopped to make any claim to said property.

The trust alleged by Mrs. Maxwell was claimed to be created by a separation agreement between herself and her husband, to which the grantee was not a party, and was not recorded, nor was it known by those here sought to be charged, so far as the record shows.

"A deed of itself imports a consideration. The recital of a consideration is conclusive for the purpose of supporting the deed against the grantor and his heirs." 4 Thompson on Real Property, 129, Section 3046.

As appellant cannot attack her own deed, it is immaterial to her whether any other error was committed in the trial of this cause, because she had no rights in the property, and being estopped to impeach her deed, any such error would be harmless as to her.

The decree appealed from is therefore

Affirmed.

WHITFIELD, C. J., and DAVIS, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.