CROWN CORPORATION v. R. E. ROBINSON, *et al.*

174 So. 737.

Opinion Filed May 20, 1937.

Rehearing Denied June 16, 1937.

*J. W. Salisbury,* for Appellant;

*Wideman, Wardlaw & Caldwell* and *Manley P. Caldwell,* for Appellees.

BUFORD, J.—The appeal brings for review a final decree

determining the priority of liens claimed by appellant and appellee in favor of appellee.

The appellant has stated five questions in brief filed on its behalf, which are as follows:

"1. Where a promissory note is in the hands of a payee and the fund from which said note is payable is limited to 'My Ocean Frontage in Palm Beach, Florida,' can such clause incorporated in said note be explained by parol testimony of the parties to said note?

"2. Are the words 'To be paid out of the first moneys coming to me or due me out of the lands known as my Ocean Frontage in Palm Beach, Florida,' such words of limitation as to require testimony of the parties to designate what lands, if any, are covered by the terms of said promissory note?

"3. Where a mortgagee makes a loan on certain property, which had theretofore been covered by a *lis pendens,* which had been dismissed prior to the actual making of said loan, and where the decision of the lower court in dismissing said *lis pendens* is reversed by the superior court under a stipulation of the parties to said cause, does the reversal reinstate the *lis pendens* as of the date of its dismissal so that said mortgagee is charged with notice thereof?

"4. Is the stipulation, filed in this cause and entered into by the complainant R. E. Robinson and the defendant Bula E. Croker, binding on the defendant Crown Corporation insofar that said stipulation would create a lien or charge on the lands involved in this suit if prior thereto no such lien had been acquired by the complainant, and the defendant Crown Corporation acquired its rights subsequent to the execution of the original note but prior to the actual signing of the stipulation?

"5. Where an attorney enters into an agreement with

a client that he will accept a contingent fee payable out of certain lands owned by the client in case the prosecution of a lawsuit is successful and prior to the termination of said lawsuit, on the outcome of which said contingent fee is based, the attorney induces his client to vary the terms of said contract by agreeing to pay said attorney a stipulated sum in cash, there being no consideration for said letter agreement, can the attorney ignore his first contract of employment and insist that the terms and conditions of the latter agreement be enforced?"

The record shows that this suit was instituted in July, 1931, by R. E. Robinson, one of the appellees, for the purpose of foreclosing a lien claimed by him on account of a certain note payable to him and executed by Bula E. Croker, one of the appellees, which note contains, among other things, the following provision: "To be paid out of the first moneys coming to me or due to me out of the lands known as my Ocean Frontage at Palm Beach, Florida, whether such moneys become due to me or my estate before or after the expiration of one year, herein fixed period, and this note shall be, and is, a charge upon all of said Ocean Frontage, or moneys coming to me or my estate from said Ocean Frontage."

*Lis pendens* was filed in connection with the suit. The *lis pendens* was dismissed on August 4, 1931. Appeal was taken therefrom resulting in the reversal of the order of the Chancellor. Mandate was issued January 2, 1934. The loan made by Crown Corporation to Bula E. Croker on some of the property involved in this suit was made October 5, 1931, subsequent to the order of dismissal of the *lis pendens* and while the appeal from that order was pending in the Supreme Court.

The Bill of Complaint was amended in March, 1932, by

making the appellant Crown Corporation a party defendant on the theory that appellant took this mortgage from Mrs. Croker with notice and knowledge of the lien claimed by Robinson on the same property and prayed that the lien of appellee Robinson be adjudged to be prior and superior to the lien of Crown Corporation.

While the appeal from the order dismissing the *lis pendens* was pending, on the 6th day of February, 1933, the complainant and Mrs. Croker entered into a compromise agreement by the terms of which the claim of Robinson was reduced to $57,500.00 which the defendant Bula Croker agreed to pay on or before two years from date. In that agreement Mrs. Croker agreed to secure the payment thereof by Robinson holding his lien as set forth in the original note. This stipulation or agreement between Mrs. Croker and Mr. Robinson was without the knowledge of Crown Corporation and after the mortgage on tract "B" as described in the bill of complaint was executed by Mrs. Croker to Crown Corporation. In accordance with the compromise agreement a decree was entered against the defendant Bula Croker and in favor of the complainant Robinson. In the decree it was specifically stated to be only in adjudication of their respective rights and not in any way an attempt to construe priorities of other defendants.

The record shows that the notice of appeal from the order dismissing the *lis pendens* was entered on the day after the order was entered and, therefore, Crown Corporation took its mortgage subject to the *lis pendens* in the event that the order dismissing the *lis pendens* should be reversed by the Supreme Court. See Webb Furniture Co. v. Everett, 105 Fla. 292, 141 Sou. 115; Marshall & Spencer Co. v. Peoples Bank of Jacksonville, 88 Fla. 190, 101 Sou. 358.

So, we hold that Crown Corporation was charged with

constructive notice of the lien claimed by Robinson. Aside from that, there is substantial evidence that Crown Corporation, through its officer, had actual notice thereof.

The other questions presented may be reduced to one question and that is: "Does it appear from the record herein that the Chancellor clearly erred in adjudicating on conflicting evidence that the lien of the appellee Robinson is superior to the lien of the appellant Crown Corporation, the adjudication appearing in the final decree as follows: 'The court having examined and weighed the evidence presented in this cause, as contained in the Master's Report of Testimony, and as presented by the record, and the Court being of the opinion and finding that the equities of this cause are with the complainant, and that the lien asserted by the complainant in this cause, as found and determined (subject to the further order of this Court) in the aforesaid decree of this court in this cause of the 8th day of March, 1935, is paramount, prior and superior to the lien of the mortgage from Bula E. Croker to the defendant Crown Corporation, dated the 5th day of October, 1931, and recorded in the public records of Palm Beach County, Florida, in Mortgage Book 234, page 217, encumbering the following described property, to-wit: North Two Hundred and Thirty feet (230') of Government Lot 1, of Section 11, Township 44 South, Range 43 East, and the South Five Hundred and Fifty feet (550') of Government Lot 2, of Section 2, Township 44 South, Range 43 East (except right of way for Ocean Boulevard),' and to the rights and equities asserted by the said defendant Crown Corporation in this cause," the determining point being whether or not the lands described in the decree were a part of the lands referred to in the note executed by Mrs. Croker to Mr. Robinson hereinabove referred to.

It is not necessary for us to attempt to delineate the evidence pro and con which, with the exhibits, covers more than 500 pages of the record.

It is too well settled to require any citation of authorities that where the findings of a Chancellor on questions of fact are supported by substantial evidence, or where the evidence is conflicting and there is substantial evidence to support such findings, they will not be set aside by the appellate court unless the appellant makes it clearly to appear that substantial error was committed by the Chancellor in his conclusions, or that the evidence clearly shows them to be erroneous. See Wilson v. Duncan, 92 Fla. 470, 112 Sou. 48; Cobb v. Cobb, 82 Fla. 287, 89 Sou. 869; Davidson v. Collier, 75 Fla. 783, 78 Sou. 983; Edgar v. Bacon, et al., 97 Fla. 679, 122 Sou. 107; Day et ux. v. Weadock, 101 Fla. 333, 134 Sou. 525. See also cases cited in 1936 Cumulative Supplement to Encyclopedic Digest of Florida Reports, page 36, Sec. 169.

Whether or not by the terms of the note above referred to a lien was created on the property last above described was a question of law to be determined by the Chancellor but that question of law was required to be determined upon the probative force of evidence as to whether or not the lands involved in the decree in this case were included within the lands as described in the note. The lands described in the note were "lands known as my Ocean Frontage in Palm Beach, Florida" and the lien or charge created by the note was "upon all of said Ocean Frontage." Parol evidence was admissible to show a more definite and complete description of the lands embraced within the description contained in the note. There was some conflict in this evidence but it was conclusively proven that certain lands in Palm Beach, Florida, were known as Mrs. Croker's

Ocean Frontage. There was conflict as to whether or not her home place, which was ocean frontage, was included within that description or if the description "all my Ocean Frontage" only applied to the other lands adjacent to her home place and also having ocean frontage and still other lands which were separated from these parcels by an intervening strip of land but which other parcel of land was also ocean frontage.

There was substantial evidence to support the Chancellor's construction and adjudication that the description in the note applied to and contemplated the entire ocean frontage owned by Mrs. Croker in Palm Beach, Florida, including the lands upon which her home was located.

The description in the note was not void for uncertainty but parol evidence was admissible to show what lands were known as "all" of Mrs. Croker's "Ocean Frontage." Tranum v. Wilkinson, 81 Ala. 408, 1 Sou. 201; Jones v. McKimsie, 135 Ga. 60, 68 S. E. 788; Cruikshank v. Wilmer, 93 Ky. 19, 18 S. W. 1018; Eggleston v. Watson, 53 Miss. 339.

If the description included lands not intended by Mrs. Croker to be charged with the lien her remedy was by suit to reform the description, which course she did not pursue. The appellant Crown Corporation was bound by the description as it appeared in the note and was charged with the notice of claim of lien thereunder on the lands described in the notice of *lis pendens* which notice described a tract of land as the same is described in the decree.

The appellant has not met the burden of showing that the findings of the Chancellor, affirmed by the Chancellor, were clearly erroneous. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.