SYDNOR J. TUCKER, as Trustee of the Estate of Bula E. Croker, Bankrupt, and JOHN MAGEE, Petitioners, v. CROWN CORPORATION, Respondent.

200 So. 844
Division B
Opinion Filed February 28, 1941

*Paty, Warwick & Mooney;* for Petitioner Sydnor J. Tucker, and *Coleman & Cook* for Petitioner John Magee;

*E. Harris Drew* and *J. W. Salisbury,* for Respondent.

TERRELL, J.—For full statement of the facts in this cause see Crown Corporation v. Robinson, 128 Fla. 249, 174 So. 737, and Tucker v. Crown Corporation, 136 Fla. 517, 183 So. 740. It appears that suit was instituted to foreclose a mortgage on certain lands owned by Bula E. Croker who was adjudged a bankrupt after the foreclosure was instituted and Sydnor J. Tucker was appointed trustee in bankruptcy.

After the latter decision cited above, Tucker as trustee in bankruptcy and John Magee moved the court for permission to file an amended answer to the petition of Crown Corporation for the purpose of raising the defense of usury in that certain transaction of October 5, 1931, between Crown Corporation and Bula E. Croker, they alleging that the availability of such a defense had only recently been discovered. The court denied Tucker's and Magee's motion and entered an order appointing E. G. Newell as receiver of the property in bankruptcy. Crown Corporation amended its petition to which Tucker and Magee filed answers setting up the usurious nature of the said contract. The court struck all reference to the defense of usury. All four orders are brought here for review on certiorari.

In this state of the record, the main question presented is whether or not a trustee in bankruptcy and judgment creditor may interpose the defense of usury to the claim of Crown Corporation to the surplus fund arising by reason of the mortgage foreclosure.

The National Bankruptcy Act provides that a trustee in bankruptcy may plead usury. 11 U. S. C. A., Sec. 1, *et seq.* We have examined many decisions that so hold and

the principle that the statute of limitations does not operate against a defense of usury was approved by this Court in Beekner v. Kaufman, decided November 22, 1940, which was not available to the trial court at the time of his decision. It follows that on this point, the cause is reversed on authority of the last cited case.

The only other question was that of whether or not the trial court erred in the appointment of a receiver.

On this point the record has been examined and we find that the property was in the hands of the trustees in bankruptcy, it was not shown that a receiver was necessary, and there was no showing of danger to the property.

Writ of certiorari is granted and the judgment below quashed.

Brown, C. J., Chapman, Thomas and Adams, J. J., concur.