RUSHER RICH, et al., v. HERBERT B. HUNTER, as Executor of the Last Will and Testament of A. Rich, Deceased, et al.

3 So. (2nd) 393

Division A

Opinion Filed July 15, 1941

*Giles F. Lewis* and *Harry P. Johnson,* for Appellants;

*C. Roger Wells,* for Appellees.

BUFORD, J.—This appeal is from an order refusing to require defendants to further answer certain interrogatories, and from the final decree dismissing the bill and awarding the property to the defendants.

Plaintiff filed a bill against defendants alleging that their recently deceased father had been induced by the defendant Hunter to execute two options and a deed to his homestead for an insufficient consideration while he was mentally incompetent to execute such papers. It was also alleged that Hunter had taken fruit from the property and had never accounted for the same and that Hunter had induced the father to execute a

will making Hunter executor in furtherance of a scheme to defraud the father of his homestead. Plaintiffs are all colored and defendants are all white.

After a multitude of motions and amendments, and the taking of testimony by the plaintiffs, the court denied plaintiffs the right to propound interrogatories, refused to allow them to introduce further testimony and entered a final decree dismissing the bill. On appeal to this Court in Rich, *et al.*, v. Hunter, *et al.*, 135 Fla. 309, 185 Sou. 141, this decree was reversed and the cause was remanded with instructions to allow the interrogatories and further testimony.

Thereupon the interrogatories were filed and answers thereto were subsequently filed. Thereafter plaintiffs moved the court to require defendants to answer more fully the interrogatories propounded and this motion was denied as to most of the interrogatories. The court also denied plaintiffs motion to require the defendants to produce checks and receipts admitted in their answers to interrogatories to be in their possession.

After considerable extension of time, additional testimony was taken. Upon objection by the defendants the court refused to allow the plaintiffs to introduce into evidence the petition for the probate of the will of A. Rich (the deceased father) and the will of A. Rich. The answers to certain, but not all of the interrogatories propounded to the various defendants were offered into evidence by the plaintiffs and rejected by the court on the objection that if any of the answers were offered, all should be. Plaintiffs then moved for permission to propound additional interrogatories. This motion was denied and plaintiffs thereupon closed their testimony in chief.

The defendants then moved that the bill be dismissed and that the relief sought in their answer be granted them, and the court entered a final decree dismissing the bill for lack of sufficient proof to support the allegations therein and failure to satisfy the burden of proof. The defendants, Hardman, *et ux.,* were put in possession of the disputed property. Appeal was duly taken to this Court.

Appellant has presented several questions which we shall now discuss.

Question 1. Was the court below correct in ruling that there was insufficient proof to support the allegations of the bill?

Whether the rejection of the various instruments and answers to interrogatories into evidence was correct or not and whether the court's rulings on the motions of the plaintiffs were correct or not, from the testimony that is now in the record it is apparent that there was ample proof to support the allegations of the bill. This was indicated in the previous appeal of this cause when the court said:

"The evidence tends to show that A. Rich did not have enough mentality to deal with his own property. Whether fraud on the part of Hunter was actually proved, we do not now determine, but there are peculiar circumstances that were not explained." Rich v. Hunter, *supra,* 135 Fla. 317, 185 Sou. 144.

This same testimony, as reviewed and quoted in that opinion, remains in the record, and is fortified to some extent by the interrogatories and answers thereto which have been filed since.

Where essential allegations of a bill are denied and no proof given to support those allegations the bill may be properly dismissed. Nye v. Bay View Estates

Corporation, 106 Fla. 707, 143 Sou. 72. But here there is considerable testimony supporting the material allegations of the bill. Further, many of the allegations of the bill have not been denied by the answers of some or all of the defendants and are therefore admitted.

The well established rule in this State is that findings of fact on contradictory testimony by a chancellor will not be disturbed on appeal, unless clearly erroneous. But such is not the condition here because this is an instance where there is no contradictory testimony and where the chancellor has held as a matter of law that insufficient proof has been given to support the allegations of the bill. Therefore, no presumption of correctness is indulged and it is evident from the record that there is sufficient proof to require defendants to give proof to meet it, and, failing that, then to entitle plaintiffs to the relief sought.

The cause should, therefore, be remanded with instructions to reinstate the bill of complaint and to require the defendants to give testimony in support of their answers, and if they fail in this (for they have offered no testimony as yet) or if such evidence is not sufficient to overcome plaintiffs' proof, then to grant the relief prayed for in the bill, with rescission of the instruments prayed to be rescinded after an accounting of the payments made by the defendants and the moneys received by them from the citrus fruit and a payment to them by the plaintiffs of any balance in their favor; or if the balance be in favor of the plaintiffs, then a decree for the payment of such sum along with the rescission.

Question 2. Should some but not all of the answers to interrogatories be admitted into evidence over the

objection that all the answers must be read that each may be fairly understood?

Error is claimed because the court refused to receive into evidence a part of the answers to interrogatories, which were offered by the plaintiffs. It appears that plaintiffs did not offer all the answers to the interrogatories because they did not want to thus remove the bar of the statute so as to allow testimony as to transactions with A. Rich (deceased) to be used against them. The court found that the answers offered for evidence were not fairly separable from those not offered. A study of the interrogatories and their answers does not necessarily lead to this conclusion. It should be remembered, however, that were the court to allow some only of the answers into evidence, the defendants would be powerless to introduce the remaining ones because Section 48 (7), 1931 Chancery Act provides:

"Answers to interrogatories shall be evidence against, but not for, the party making them."

After the court had made this ruling the plaintiffs then moved that they be allowed to propound further interrogatories to the defendants. It was obvious that they intended to merely repeat only those interrogatories which they desired to introduce into evidence. The court denied this motion on the ground that it would give the plaintiffs an unfair advantage in allowing them to determine what interrogatories would be favorable to them and then to get those alone into evidence. Under Section 48 (1), 1931 Chancery Act, the allowance of additional interrogatories is within the sound discretion of the chancellor. Although there is nothing here showing an abuse of that discretion, it does appear that unless further interrogatories are

allowed, the plaintiffs will be able to introduce none of the defendants' admissions into evidence. Although it is not the province of the court to subvert the rules to rectify mistakes of counsel, where there is just cause interrogatories are generally liberally allowed. Since here the cause is to be remanded, the objection made to plaintitffs' motion by the defendants fades in force for in their testimony defendants may refute and explain any and all points omitted or insufficiently explained by their answers which are put in evidence. Therefore, it appears that there would be no prejudice to allow the plaintiffs to further interrogate the defendants, and the true facts of the cause might more surely and readily be determined by such allowance.

Question 3. Where a party admits possession of documents of evidentiary value, *must* the court require that party to produce such documents for inspection?

This is the only other question raised by appellants necessary to consider. The court denied plaintiffs' motion, oral and written, to require the defendants to produce certain receipts and cancelled checks which they had admitted were in their possession, which would show the payments made for the purchase of the property involved under the deed sought to be rescinded. It seems sufficient to point out that both Section 48 (5) and Section 49, 1931 Chancery Act, make the allowance of such a motion permissive within the sound discretion of the chancellor. No abuse of that discretion is here shown or charged.

The record as it stands uncontradicted shows that at the time of the execution of the option and the deed, and the will involved, A. Rich was so senile as to be incompetent to make any valid and binding contract; that the consideration agreed to be paid for the

732

property was grossly inadequate and that an unconscionable advantage was taken of an old, ignorant and senile negro by a young and intelligent white man, resulting in loss to the negro and profit to the white man. Hunter acted for the defendants Hardman in procuring the deed and, therefore, Hardman and wife are chargeable with all the knowledge and infirmities of Hunter's transactions with Rich.

For the reasons stated, the decree is reversed with directions for further proceedings not inconsistent herewith.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.