JOHN MAGEE and SYDNOR J. TUCKER, as Trustees of the Estate of Bula E. Croker, Bankrupt, v. CROWN CORPORATION, a corporation.

10 So. (2nd) 818 Division B
May 19, 1942 On Rehearing En Banc. October 13, 1942
Mandate Recalled November 10, 1942
On Reconsideration December 15, 1942

Coleman & Cook, for Appellants John Magee and Paty; Warwick & Mooney, for Appellant Sydnor J. Tucker, trustee.

J. W. Salisbury and E. Harris Drew, for appellee.

THOMAS, J.:

The prior history of this case may be learned by examining the opinions of this Court in the cases of Tucker v. Crown Corporation, 136 Fla. 517, 183 So. 740 and Tucker v. Crown Corporation, 146 Fla., 329, 200 So. 844. It seems unnecessary to the determination of the present controversy that we give the details of the extensive litigation which culminated in a final decree of foreclosure reviewed by this court in Crown Corporation v. Robinson, 128 Fla. 249, 174 So. 737.

In the instant appeal we are required to examine the proceedings before the chancellor after the entry of the final decree in a suit, where none of the present litigants was a party, instituted 14 July 1931 by R. E. Robinson against Bula E. Croker and others, to foreclose a mortgage on two tracts of land to which, for the purpose of convenience, we will refer as Parcels "A" and "B."

A final decree was rendered in favor of the mortgagee, R. E. Robinson, and the property was sold by the master to the Crown Corporation, appellee here, for $252,000, $76,500 of which was paid in cash.

Between the times of the institution of the suit by Robinson and the sale of the property under final decree the following events transpired in the order we will state them: a mortgage was executed by Bula E. Croker to appellee Crown Corporation encumbering only Parcel "B"; a judgment against Bula E. Croker was obtained by appellant John Magee; Bula E. Croker was adjudged bankrupt; and Sydnor J. Tucker became the trustee of her estate. The cash payment of the purchaser Crown Corporation was sufficient to discharge the prior encumbrance of R. E. Robinson, therefore, he is no longer interested in the litigation. The question of the proper distribution of the surplus of the bid by Crown Corporation, after deducting the amount due Robinson, then arose on the pleadings of the parties to this appeal. In an effort to simplify the statement of facts we will give the status of the property and the litigation at that particular time. Appellee held a mortgage of $160,000 on Parcel "B"; Appellant John Magee held a judgment in the amount of $8750; and Appellant Sydnor J. Tucker was trustee of the estate of Bula E. Croker, bankrupt. When the property was sold by the master there were encumbrances of taxes and a prior mortgage on Parcel "A" amounting to $1,095,485.65 (subsequently reduced to about $884,000 by reason of discounts allowed in the taxes) and on Parcel "B" of taxes approximating $36,000.

With these facts in mind we turn to the opinion in Tucker v. Crown Corporation, 136 Fla. 517, 183 So. 740, where this Court decided, in dealing with the matter of the disbursement of the surplus of the bid of Crown Corporation, that the lien of its mortgage would attach to the proportion of the excess funds

which the net value of Parcel "B" bore to the combined value of both tracts. It was written in there by Mr. Justice BROWN that to fix this valuation "the chancellor may find it necessary to have evidence submitted" to establish the amount of prior liens to be deducted in arriving at the market value. It was expressly stated that if these encumbrances "equalled or exceeded its gross or market value *at the time of the sale,* Crown Corporation would be entitled to have applied to the payment of its junior mortgage on tract "B" all the surplus arising from the sale of all said lands." (Italics supplied).

The pleadings also raised the point whether the mortgage to Crown Corporation was infected with usury.

A perusal of the briefs has demonstrated that but two questions are presented for determination and both of them are ones of fact; namely, the existence or non-existence of usury and the *net* market value of Tract "A" at the time of the sale. The chancellor considered voluminous testimony and found that no usury was present in the original transaction when Bula E. Croker obtained the loan from Crown Corporation and determined that the prior encumbrances and taxes on Parcel "A" exceeded its gross or market value at the time of the sale.

We have scrutinized the circumstances of the loan and also the testimony about the value of the property in which, as is usual in such cases, there is considerable variation. There seems to be no use in detailing in this opinion the testimony on which the decree was based. We simply state that we have found no valid reason for disturbing the order entered by the chancellor, so it is—

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.

PER CURIAM:

Petition for rehearing was granted herein to consider the question of usury. The record and the briefs have been thoroughly reexamined and a majority of the Court are of the view that the charge of usury was not sustained. It follows that our former opinion filed May 19, 1942, is adhered to.

It is so ordered.

BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., WHITFIELD and TERRELL, JJ., dissent.

BUFORD, J.:

After further review of the record in the light of our opinion and judgments in the cases of Purvis v. Frink, 57 Fla. 519, 46 So. 1023; Wilson, et ux., v. Conner, et al., 106 Fla. 6, 142 So. 606; Sherman & Sherman v. Myers, 108 Fla. 129, 146 So. 213, I am convinced that our former judgment herein is in direct conflict with the enunciations and rationale of those opinions.

We should, therefore, either reconsider this case and dispose of it in harmony with the legal principles established in those cases, or else expressly overrule what was held in those cases and decide this case on a contrary view of the law. So, I think, the petition should be granted.—Mandate recalled.

Reconsideration granted without further oral argument or briefs.

So ordered.

BROWN, C. J., WHITFIELD, and TERRELL, JJ., concur.

CHAPMAN, THOMAS and ADAMS, JJ., dissent.

ON RECONSIDERATION

PER CURIAM:

On November 10, 1942, this Court granted a reconsideration of this case without further oral arguments or briefs. This was done in order to enable the Court to reconsider the question of usury, which question had been duly raised in the court below and in this Court. The Court has given this question very careful reconsideration, and a majority of the Court have reached the conclusion that the evidence in the case did not show that there was any usury in the transaction here involved. The Court adheres to its former opinion and judgment of affirmance.

Former opinion and judgment of affirmance adhered to and mandate ordered sent down to the trial court.

WHITFIELD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., TERRELL, and BUFORD, JJ., dissent.

BROWN, C. J., dissenting:

I cannot concur in the opinion and judgment of the majority in this case on the question of usury. I think the plea of usury as incorporated in the answer of the appellants in this case was, inferentially at least, held to be sufficent by this Court in the case of Tucker as Trustee of Bula E. Croker, Bankrupt,

et al., v. Crown Corporation, 146 Fla. 329, 200 So. 844. The evidence on this question is familiar to counsel for the parties and' to the members to this Court, and no good purpose could be subserved by reviewing this evidence. Suffice it to say that in my opinion the plea of usury was sufficiently proven, upon the principles laid down by this Court in the following cases: Purvis v. Frink, 57 Fla. 519, 46 So. 1023; Wilson v. Conner, et al., 106 Fla. 6, 142 So. 606; Sullivan v. Thumm, 101 Fla. 1412, 136 So. 439; Hopkins v. Otto, 118 Fla., 865, 160 So. 203; Sherman v. Myers, 108 Fla. 129, 146 So. 213, and Ritcher Jewelry Company Inc. v. Schweinert, 125 Fla. 199, 169 So. 750 and the cases cited therein.

The statute involved is Section 6938 C.G.L., 4851, R.G.S., now appearing as Section 687.03 Florida Statutes 1941. This statute provides *inter alia* that it shall be usury for any corporation, or for any agent, officer or other representative of any corporation, to reserve, charge or take for any loan or advance of money, a rate of interest greater than ten percent per annum either directly or indirectly, by way of commission for advances, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the *"actual principal sum received"* together with interest at the rate of ten per cent.

As I understand the evidence in this case, the mortgage loan here under review was clearly usurious under the above statute and our decisions construing it. I must therefore dissent.

TERRELL and BUFORD, JJ., concur.

BUFORD, J., dissenting:

Our conclusion from the record is that Mrs. Croker negotiated a three year loan of $160,000.00 from The Crown Corporation; that the Crown Corporation retained one years interest at 8%, $12,800.00, plus $5,000.00 bonus paid to one William J. Hamilton who handled the transaction as the agent of the Crown Corporation; plus a $2,000.00 fee paid to J. K. Williamson, an attorney, for services rendered in connection with the loan.

Our view is that the $12,800.00 interest reserved in advance and the $5,000.00 bonus constituted the amount retained by The Crown Corporation and that Mrs. Croker actually received $142,200.00.

If we adhere to the formula adopted in Purvis v. Frink, 57 Fla. 519, 46 So. 1023; Wilson, et ux., v. Connor, et al., 106 Fla. 6, 142 Sou. 606 and in Sherman & Sherman v. Myers, 108 Fla. 129, 146 So. 213; Sullivan v. Thumm, 101 Fla. 1412, 136 So. 439, we must reach the conclusion that if she was required to pay as interest and bonus more than the aggregate of the amount of three years interest on $142,200.00 at 10% or $42,660.00, the result will be a violation of the statute against usury.

Looking then to see what she was required to pay, we find that she was obligated to pay, and did pay, the difference between $142,200.00 and $160,000.00 or $17,800.00 plus two years interest at 8% on $160,000.00, which is $25,600.00, making a total of $43,400.00, which exceed interest for three years at 10% on $142,200.00 in the sum of $740.00. This, regardless of the $2000.00 paid to Williamson.

Therefore, we would be required to hold the plea of usury good and reverse the decree of the chancellor

(See Rich v. Hunter, 147 Fla. 724, 3 Sou. (2nd) 393) with directions that double the interest paid, the sum of $38,400.00, being $76,800.00, be adjudged forfeited and deducted from $160,000.00, the face of the obligation, and that decree for the balance, $83,200.00, with costs in the lower court be entered with costs of appeal taxed against appellee. See Sec. 4852 R.G.S., 6939, C.G.L.; Wilson, et al., v. Conner, et al., supra; Sullivan v. Thurman, supra.

Sec. 4851 R.G.S., 6938 C.G.L., provides:

"It shall be usury and unlawful for any person, association of persons, firm or corporation, or for any agent, officer or other representative of any person, association of persons, firm or corporation, to reserve, charge or take for any loan, or for any advance of money, or for forbearance to enforce the collection of *any sum of money,* a rate of interest greater than ten per cent per annum, either directly or indirectly, by way of commission for advances, discount, exchange, or by any contract, contrivance or device whatever, whereby the debtor is required or obligated to pay a sum of money greater than the actual principal sum received, *together* with interest at the rate of ten percent, as aforesaid. The provisions of this Section shall not apply to sales of bonds in excess of one hundred dollars and mortgages securing the same, or money loaned on bonds."

This Section appears as Sec. 687.03 Fla. Stat. 1941.

Now it appears to the present writer that the rationale of the opinions in the usury cases, cited supra, is in each case based on an erroneous premise in that each case interest paid (or retained) in advance is deducted from the face amount of the loan, and interest is then computed on the balance which

goes to, or is received by, the borrower. To hold thus, it appears to me, is tantamount to holding that if a lender demands and retains from the principal 10% interest in advance, the lender thereby *wilfully* violated the provisions of Sec. 4851 R.G.C., 6938 C.G.L. and that if a lender demands 8% interest payable in advance together with a bonus which will make the amount retained as interest and bonus exceed 10% of the balance of the loan which is received by the borrower, then the same result follows: I cannot agree with that conclusion because it is necessarily based on the holding that the lender comes within the ban of the statutes, supra, by adopting the *physical method* of retaining the interest and delivering to the owner the balance of the principal. Whereas, if the lender had delivered the principal of its loan to the *physical possession* of the borrower and the borrower had *received* the same and had then *paid* the lender from the identical money so received the required interest in advance, there would have been no violation of the statute, although the net result as to both parties would have been the same as it would have been had the interest been retained or reversed instead of being passed and re-passed from one to the other.

That the Crown Corporation is to be held liable and answerable for the action of its officer and agent Hamilton in demanding, receiving and retaining the $5000.00 bonus, there appears to be no room for question. See Hopkins v. Otto, 118 Fla. 865, 160 Sou. 203; Ritcher Jewelry Co. v Schweinert, 125 Fla. 199, 169 Sou. 750. It, therefore, follows that in legal effect his $5000.00 was reserved from the loan of $160,000.00, leaving the principal amount of the loan $155,000.00.

This is true because the borrower received the equivalent of $142,200.00 together with credit for $12,800.00 one years interest on the principal sum of $160,000.00.

So it is if the interest demanded or reserved and received by lender from the borrower, together with the $5000.00 bonus, supra, exceeded the sum equal to 10% on the $155,000.00 for three years, then the transaction was within the ban of the usury statute, supra.

Interest on $155,000.00 for three years is $46,500.00. The amount of interest paid was $38,400.00, which with the $5000.00 bonus makes $43,400.00, being $3,100.00 less than three years interest at 10%, supra.

I think the above cited cases should be over-ruled insofar as they conflict with the views herein expressed and the decree should be affirmed, but as the majority of the Court adheres to the enunciations promulgated in the opinions and judgments referred to supra, I am bound by these enunciations and, therefore, agree with Mr. Chief Justice BROWN that the judgment should be reversed.