841 So.2d 481 (2002)
Verena VONMITSCHKE-COLLANDE and Claudia Miller-Otto, Appellants,
v.
Thomas KRAMER, et al., Appellees.
No. 3D02-2133.
District Court of Appeal of Florida, Third District.
December 18, 2002.
Rehearing and Rehearing Denied March 7, 2003.
Hunton & Williams and Vance E. Salter, Miami, for appellants.
Hogan & Hartson and Carol A. Licko and Parker D. Thomson, Miami, for appellees.
Before FLETCHER and RAMIREZ, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied March 7, 2003.

ON MOTION FOR REHEARING
FLETCHER, Judge.
The decision of this court, dated October 2, 2002, is withdrawn and the following is substituted therefor.
The appellants seek reversal of a trial court order which found their lis pendens to have been dissolved and to be of no force and effect.[1] We reverse.
A review of the record reveals the following relevant events:
1. On August 1, 2000, the appellants filed their lis pendens.
2. On November 10, 2000, the underlying case was dismissed. Pursuant to Rule 1.420(f), Florida Rules of Civil Procedure, the dismissal automatically dissolved the lis pendens.[2]
3. The dismissal was timely appealed.
4. On July 2, 2001 appellee Kramer sold a property in question while the appeal was pending.
5. This court reversed the dismissal and reinstated the action, issuing the mandate on December 4, 2001.
*482 6. The Florida Supreme Court denied certiorari on May 28, 2002.
We thus have a situation in which the property was sold on a date (July 2, 2001) when the underlying case was on appeal. The question before us is whether the lis pendens was effective on July 2, 2001 so as to give notice to the parties to the sale. We conclude that the lis pendens was in effect and gave notice of the underlying suit.
The Florida Supreme Court made it abundantly clear that when an underlying case's dismissal is reversed, the accompanying lis pendens is reinstated. Anyone acquiring an interest between the time of filing of the lis pendens and its reinstatement after appellate review, takes her/his interest in the property subject to the lis pendens. Crown Corp. v. Robinson, 128 Fla. 249, 174 So. 737 (1937).[3]
We also observe that Kramer's contention that the lis pendens expired because one year had passed while appellate review was taking place is erroneous. Although Section 48.23(2), Florida Statutes (2001) sets up such a time limitation as to actions founded on instruments not "duly recorded"[4], as is the case here, section 48.23(4) provides that the one year time period is tolled during appellate review.[5]
Accordingly, the lis pendens remains as valid notice of the underlying suit and any buyer takes the property subject to the lis pendens. The trial court's order dissolving the lis pendens is reversed and the cause is remanded for further proceedings in accordance with this opinion.
NOTES
[1] The underlying action is a suit seeking, inter alia, the imposition of a constructive trust on Kramer's property.
[2] Fla.R.Civ.P. 1.420(f) reads:

"Effect on Lis Pendens. If a notice of lis pendens has been filed in connection with a claim for affirmative relief that is dismissed under this rule, the notice of lis pendens connected with the dismissed claim is automatically dissolved at the same time. The notice, stipulation, or order shall be recorded."
[3] In Crown Corp. the lis pendens was not automatically dissolved, but was dissolved by court order. Here the dissolution of the lis pendens was automatic under Fla.R.Civ.P. 1.420(f). This is a distinction without a difference. Rule 1.420(f) was amended in 1984 to provide for the automatic dissolution in order to resolve unnecessary title problems, not to create new ones. See Court Commentary to 1984 Amendment to the Rule.
[4] Section 48.23(2), Florida Statutes (2001) reads:

"No notice of lis pendens is effectual for any purpose beyond 1 year from the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires."
[5] Section 48.23(4), Florida Statutes (2001) reads:

"This section applies to all actions now or hereafter pending in any state or federal courts in this state, but the period of time above-mentioned does not include the period of pendency of any action in an appellate court."