877 So.2d 47 (2004)
MR. SIGN SIGN STUDIOS, INC. d/b/a The Sign Studio, Appellant,
v.
Alfred J. MIGUEL, Appellee.
Nos. 4D03-2415, 4D03-3748.
District Court of Appeal of Florida, Fourth District.
June 9, 2004.
Richard F. Hussey of Richard F. Hussey, P.A., Fort Lauderdale, for appellant.
*48 Alfred J. Miguel, Fort Lauderdale, pro se.
GUNTHER, J.
Appellant, Mr. Sign Sign Studios Inc. ("Sign Studios"), timely appeals the trial court's final order granting Appellee, Alfred Miguel's, motion for summary judgment. Sign Studios sued Miguel to enforce an option to purchase land contained in a lease agreement. The trial court granted the motion for summary judgment finding that the option in the lease was unenforceable as it was an unreasonable restraint on alienation. Because we find that the option in the lease was not an unreasonable restraint on alienation, we reverse.[1]
Sign Studios and Miguel entered into a written lease agreement on March 1, 1999. Under the lease agreement, Sign Studios rented the real property located at 4760 S.W. 24th Avenue in Dania Beach from Miguel. The lease contained a handwritten paragraph which stated:
Other terms: Lesee [sic] has a buyout of 1 months rent & an option to purchase for $89,000. 65% of rent rent [sic] paid shall go against the purchase price.
(emphasis in original). Sign Studios alleges that in the summer and fall of 2000, a representative of Sign Studios attempted to exercise the option to buy the property in the lease. However, Miguel refused to sell the property for the price stated in the lease. In January 2002, Sign Studios filed a complaint seeking specific performance of the option provision in the lease. When Sign Studios filed its complaint, it also filed a notice of lis pendens on the property at issue. Miguel then filed a motion for summary judgment, arguing that the option to purchase the property was either an unreasonable restraint on alienation or it violated the rule against perpetuities.
The trial court held a hearing on the motion for summary judgment. At the end of the hearing, the trial court found that the option was independent of the lease agreement because it could continue after the termination of the lease. Thus, the trial court found that the option provision was an unreasonable restraint on alienation, rendering the option provision void ab initio. In addition, the trial court noted it was not ruling on the rule against perpetuities issue. A final order was entered on Miguel's motion for summary judgment, dismissing Sign Studios's claims against Miguel with prejudice and dissolving Sign Studios's notice of lis pendens. Sign Studios now appeals.
The standard of review for an order granting summary judgment is de novo. The Florida Bar v. Rapoport, 845 So.2d 874, 877 (Fla.2003). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Here, Miguel was not entitled to judgment as a matter of law because the option to purchase the land in the lease agreement was not an unreasonable restraint on alienation.
"The rule against unreasonable restraints on the use of property concerns *49 restraints of such duration that they prevent the free alienation of property." Iglehart v. Phillips, 383 So.2d 610, 614 (Fla.1980). The concern with restraints on alienation is their "long-term effect on the improvement and marketability of the property." Id. The Florida Supreme Court has stated that "[t]he test which should be applied with respect to restraints on alienation is the test of reasonableness." Id.
Here, the option in the lease was for the fixed price of $89,000. "It is the generally accepted rule that a fixed price repurchase option of unlimited duration, independent of ... [a] lease, is an unreasonable restraint." Id. at 615. However, a dependent option for a fixed price within a lease "is reasonable because it encourages improvements by the optionee-possessor, as they would inure to him at no increase in price upon the exercise of the option." Id. In this case, the fixed-price option was reasonable as it was dependent on the lease.
This court has previously stated that "[i]n construing a contract, the legal effect of its provisions should be determined from the words of the entire contract." Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530, 535 (Fla. 4th DCA 1999). In line with this principle of contract law, the Indiana Court of Appeals has stated that:
"[t]he usual test of the severability of a contract is the entirety or divisibility of the consideration; and whether a contract is entire or divisible is controlled by the intention of the parties as it is disclosed by the terms of the contract. It is well established that the parties to a contract intend that it be entire and indivisible when by its terms, nature and purposes it contemplates and intends that each and all of its parts, material provisions and the consideration, are common each to the other and interdependent, or whether it could be completed in part only...."
Tippmann Refrigeration Constr. v. Erie-Haven, Inc., 459 N.E.2d 407, 410 (Ind.Ct.App.1984) (quoting Stoneburner v. Fletcher, 408 N.E.2d 545, 549 (Ind.Ct.App.1980)); see also Reserve Life Ins. Co. v. Lomolino, 474 So.2d 1210, 1211 (Fla. 4th DCA 1985). The Florida Supreme Court has similarly stated in another context[2] that an option to purchase in a lease is not "collateral, especially where ... there is no showing that an independent consideration was paid therefor." Sisco v. Rotenberg, 104 So.2d 365, 374 (Fla.1958). The court also stated that "this ... [was] consistent with [its] ... holding that covenants are always considered dependent unless a contrary intention appears." Id.
In this case, there is no evidence in the lease that the parties intended the option to survive the lease or that any other consideration was offered for the option in the lease other than the rent paid under the lease. Furthermore, provision twenty-one of the lease states:
Binding effect. The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this lease.
(second emphasis added). This provision makes it clear that all the provisions including the provision concerning the option were conditions or part of the lease. Here the option provision was dependent on the lease and would have terminated when the lease terminated. Detwiler v. Capone, 357 Pa. 495, 55 A.2d 380, 384 (1947) (stating *50 "`[a]n option in a lease to purchase the land demised is a continuing obligation on the part of the lessor which the lessee may accept at any time * * * within the period of the tenancy if no time for exercise of the option is otherwise prescribed.'" (quoting 35 Corpus Juris 1043, section 188)). As the option provision terminated with the lease, it was not for an unlimited duration and was not an unreasonable restraint on alienation. See Vandervalk v. Brewer, 436 So.2d 1083, 1084 (Fla. 3d DCA 1983) ("From our reading of the lease in its entirety, we hold, as [a] matter of law, that the option agreement was a dependent covenant that expired with the lease.").
Thus, the trial court erred in granting summary judgment. Accordingly, we reverse and remand for proceedings consistent with this opinion, including the reinstatement of the lis pendens on the property. See Vonmitschke-Collande v. Kramer, 841 So.2d 481, 482 (Fla. 3d DCA 2002).
REVERSED and REMANDED.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] Sign Studios also appeals the trial court's denial of its Motion for Stay Pending Review and Amended Motion for Order Authorizing Recordation and Maintenance of Notice of Lis Pendens, which involved the lis pendens on the property at issue. Because we reverse as to the summary judgment issue, we decline to address the other issues presented on appeal as the lis pendens will be reinstated. See Vonmitschke-Collande v. Kramer, 841 So.2d 481, 482 (Fla. 3d DCA 2002) (stating that "the Florida Supreme Court made it abundantly clear that when an underlying case's dismissal is reversed, the accompanying lis pendens is reinstated") (citing Crown Corp. v. Robinson, 128 Fla. 249, 174 So. 737 (1937)).
[2] These statements were made when the court was considering whether or not an option to purchase land in a lease extended into a new lease period after an option to renew had been exercised. Sisco v. Rotenberg, 104 So.2d 365, 366 (Fla.1958).