934 So.2d 556 (2006)
ARQUETTE DEVELOPMENT CORPORATION, Appellant,
v.
Ryan HODGES, Appellee.
No. 1D05-5214.
District Court of Appeal of Florida, First District.
June 16, 2006.
Rehearing Denied August 1, 2006.
Jeffrey P. Whitton, Panama City, for Appellant.
Douglas L. Smith and Robert E. Taylor, Panama City, for Appellee.
HAWKES, J.
We review an agreement involving the sale of real property, the terms of which *557 required lease payments and compliance with other provisions until the sale was completed. Appellant, Arquette Development Corporation, challenges the trial court's order granting partial summary judgment in favor of Appellee, Ryan Hodges, holding Hodges' breach of the lease had no effect on his ability to purchase the property. This result is possible only by the trial court's finding that the parties entered into two separate agreements. Arquette argues the parties entered only one agreement and, consequently, the trial court's finding was in error. We agree, and reverse and remand for entry of summary judgment in favor of Arquette.

Factual Background
The parties entered into a contract entitled "RESIDENTIAL LEASE AND CONTRACT TO PURCHASE" regarding a parcel of real property located in Panama City Beach, Florida. In the agreement, Hodges was identified as the lessee and Arquette was identified as the lessor.
The agreement required Hodges to purchase the property, and until the sale was consummated, to make lease payments and pay the ad valorem taxes. The purchase was to occur at the end of 36 months, or sooner, at Hodges' election. Purchase terms such as price, financing, and payment schedules were located in paragraph 18, which was set in bold font (as were other provisions of the agreement).
Pursuant to paragraph 9, if any breach other than a failure to make lease payments continued for ten days after provision of written notice specifying the performance required, either party could institute court action to terminate the agreement or require its completion. The agreement contained an integration clause.
On April 28, 2004, approximately one and one half years after the agreement was executed, Arquette noticed Hodges he had breached by failing to pay the 2003 ad valorem taxes. Hodges failed to respond. Arquette paid the taxes on May 20, 2004, and filed suit seeking to terminate the agreement.
The trial court entered final judgment in favor of Arquette, finding it was Hodges' responsibility to pay the ad valorem taxes, and failure to do so within ten days after proper notice was sent constituted a breach. This ruling was not appealed and is final.
Fifteen days before the court issued its ruling, Hodges sent written notice to Arquette stating he was fulfilling his obligation to purchase the property. When Arquette refused to perform, denying any obligation to sell, Hodges filed suit seeking specific performance and damages.
Hodges moved for partial summary judgment, arguing he still possessed a right to purchase the property, because the lease obligations and purchase obligations were two independent agreements. Consequently, he argued, breach of one did not preclude enforcement of the other.
Arquette also moved for summary judgment, arguing there was only one agreement, and that was a purchase agreement that provided for leasing the property until it was purchased. Arquette argued Hodges' breach of that agreement by failing to pay the ad valorem taxes terminated the only agreement between the parties and, with the only agreement between the parties terminated, Arquette had no remaining performance obligation.
The court held that, although the parties' obligations were contained in one instrument, that instrument contained two separate contracts. The court concluded Hodges' failure to pay ad valorem taxes breached the lease agreement, but did not affect the purchase agreement. The trial *558 court denied Arquette's motion for summary judgment, and granted partial summary judgment in favor of Hodges, allowing him to purchase the property.

Standard of Review
Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000). A grant of summary judgment based upon construction of a written instrument is reviewed de novo. Id. at 131. Here, there are no contested facts. We are confronted only with construction of the agreement.

The Obligation to Purchase and the Lease Provisions are Indivisible
We agree with the trial court that the written document contains no ambiguities and summary judgment is proper. However, the trial court erred as a matter of law by entering partial summary judgment in favor of Hodges. Our de novo review of the document leads us to conclude Arquette is entitled to summary judgment as a matter of law, because the parties entered into a single, indivisible agreement. Two aspects of the agreement support our conclusion.
First are the structural aspects and terminology of the agreement itself. These include: The parties executed one document; That document was entitled "RESIDENTIAL LEASE AND CONTRACT TO PURCHASE" (emphasis added); The purchase terms are set forth in paragraph 18 of the 21 paragraph agreement; The parties are referred to as lessor and lessee throughout the agreement and in each of the paragraphs, including paragraph 18.
Second, the various provisions of the agreement are interdependent. A key example of this interdependency is found in paragraph 18, which Hodges argues constitutes the second agreement. The problem with Hodges' argument is that, without resort to other provisions, paragraph 18 is fatally incomplete on its own to constitute a separate agreement. Hodges relies, in part, on paragraph 18's caption "CONTRACT TO PURCHASE." However, paragraph 14 states "the captions ... appearing in this lease ... in no way define, limit, construe or describe the scope or intent of the sections or articles of this lease nor in anyway affect this lease." Therefore, the caption of paragraph 18 has no substantive meaning or interpretative value, and does not result in paragraph 18 being a separate agreement. It is the text, or substantive language of paragraph 18 that is binding on the parties. The text does not constitute a separate agreement. The text, in part, provides that "at the termination of the 36 month term, or sooner... the lessee shall purchase the premises." To define "the 36 month term," who the lessee is, who the lessor is, how notice is effected, or even what premises the lessee is purchasing, requires resorting to the other provisions of the lease.
Since the provisions detailing aspects of the purchase found in paragraph 18 are dependent upon other provisions contained in other paragraphs of the agreement for their meaning, there can be only one agreement. An analogous situation exists in lease agreements containing purchase options. When an option to purchase is dependent upon the terms of a lease, all rights to exercise the option to purchase expire when the lease terminates. Mr. Sign Sign Studios, Inc. v. Miguel, 877 So.2d 47, 50 (Fla. 4th DCA 2004) (citing Vandervalk v. Brewer, 436 So.2d 1083 (Fla. 3d DCA 1983)).
The trial court found Hodges' failure to pay taxes breached the agreement. The *559 parties had only one agreement. Under the agreement, Arquette, as the non-breaching party, exercised its right to terminate the agreement. Consequently, the trial court erred as a matter of law by granting partial summary judgment on Hodges' claim for specific performance.

Breach Terminates Agreement
Hodges alternatively argues that, if there was only one agreement, it was not terminated until the day the trial court entered its order finding he had breached by not paying the 2003 taxes. The court did not enter this order until January 20, 2005. Hodges sent written notice that he wished to purchase the property on January 5, 2005. Consequently, Hodges argues, he was fulfilling his obligation to purchase 15 days before the agreement terminated. We also reject this argument.
Hodges breached by failing to pay the ad valorem taxes within ten days of Arquette's notice on April 28, 2004. Hodges' material breach entitled Arquette to immediately treat the contract as breached and terminate his own performance. See Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431, 441 (Fla. 4th DCA 2006) (Farmer, J., concurring specially) (noting rule of contract law is that prior material breach by party seeking enforcement entitles opposing party to terminate his own performance and treat the contract as breached). The trial court's entry of judgment eight months after a breach does not determine the date of the breach. Hodges' failure to perform determined the date of the breach.

Conclusion
The parties entered into a single, indivisible agreement requiring Hodges to purchase property from Arquette. Under the terms of the agreement, the sale would take place no later than 36 months from the date the agreement was executed, but could occur sooner, at Hodges' election. Until the sale took place, Hodges had certain obligations under the agreement. Those obligations included leasing the property and paying the ad valorem taxes. Hodges' failure to pay the ad valorem taxes by May 8, 2004, was a material breach and entitled Arquette to terminate the agreement. The trial court erred as a matter of law by granting partial summary judgment on Hodges' claim for specific performance, because the agreement terminated before Hodges attempted to purchase the property. We reverse the partial summary judgment in favor Hodges, and on remand, order entry of summary judgment in favor of Arquette.
REVERSED and REMANDED with instructions.
ALLEN and LEWIS, JJ., concur.