THOMAS, J.
The subject matter of this appeal is a Joint Venture Ownership Agreement (“contract”) agreed upon by Appellants and Appellee. On appeal, Appellants argue the trial court reversibly erred by finding in favor of Appellee and granting partial summary judgment as to liability and final judgment as to damages. We affirm.
We find no fault with the trial court’s decision on final judgment regarding damages, and we decline to discuss that issue; we write to explain why the trial court did not err by granting partial summary judgment in Appellee’s favor.

Facts

The contract governed the parties’ relationship regarding a saltwater disposal well (SDW) in Oklahoma. According to the contract, Appellants planned to develop a number of oil wells and needed an efficient way to dispose of saltwater, a natural byproduct of the oil pumping process. In order to facilitate that need, Ap-pellee agreed to furnish $250,000 in venture capital; in return, Appellants agreed to drill, develop, provide engineering, furnish all permits to the appropriate authorities, and maintain the well consistent with a turnkey operation.
The parties substantially differ in their interpretation of Paragraph 7 of the contract:
7. [Appellant] specifically guarantees a SDW capable of a minimum capacity to produce revenue sufficient to recover [Appellee’s] venture capital investment of $250,000.00 plus seven percent interest (7%) per annum ($70,000.00) in four years from the date of receiving funding from [Appellee]. The amount due [Ap-pellee] would be minus the net profit paid to [Appellee] by [Appellant] during that 4 year period.
According to Appellants’ interpretation of Paragraph 7, its contractual obligations ceased once the SDW became capable of receiving an amount of saltwater capable of producing sufficient revenue to recover Appellee’s investment. During oral argument, Appellants took the position that, under this paragraph, it was entitled to abandon the SDW without penalty the day after completion if the well was capable of receiving the necessary amount of saltwater. It is undisputed that Appellants drilled an SDW with a minimum capacity capable of producing sufficient revenue to recover Appellee’s investment.
Appellee, on the other hand, argued that Paragraph 7 required Appellants to maintain the SDW for a four-year period in order for the well to actually produce sufficient revenue to provide a complete return of its investment, plus interest. Ap-pellee asserts Appellants breached that obligation when it unilaterally sold the SDW for salvage, plugged the well, and abandoned the project before the four-year period ended. Appellants counter that it had no choice but to return the property to its natural condition because *72 the land lease upon which the SDW was located had expired. The land lease expired when Appellants’ first oil well proved to be unproductive and Appellants decided not to pursue the project.
The trial court granted partial summary judgment, determining Appellants breached Paragraph 7 of the contract by abandoning the well and salvaging it within the four-year period. A final, full evidentiary hearing was held more than two years later on damages. During the final hearing, the court found that several terms in the contract were ambiguous, and the court allowed lay and expert testimony to define those terms. The trial court then entered a final order determining the contract required a complete return of Appel-lee’s investment, plus seven percent interest.

Analysis

“Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Arquette Dev. Corp. v. Hodges, 934 So.2d 556, 558 (Fla. 1st DCA 2006). “A grant of summary judgment based upon construction of a written instrument is reviewed de novo.” Id. We are free to reassess the parties’ contract and arrive at a different conclusion than the trial court. Emerald Pointe Prop. Owners Ass’n, Inc. v. Commercial Constr. Indus., Inc., 978 So.2d 873, 877 (Fla. 4th DCA 2008) (quoting Sugar Cane Growers Coop, of Fla., Inc. v. Pinnock, 735 So.2d 530, 534-35 (Fla. 4th DCA 1999)).
There is no doubt that the contract was not a model of clarity: some provisions purported to guarantee a complete return on investment with interest; other paragraphs allowed the SDW to be abandoned for lack of profits, with the parties sharing the cost and revenue from recovery or salvage. In its final order, the trial court found that the contract was an investment contract, not a joint venture, despite the repeated use of the term “joint venture” throughout the contract. This finding was ostensibly based on the parties’ intentions, as evidenced by reading the contract in its totality, coupled with parties’ testimony. Testimony at the final hearing revealed that Appellee was not sophisticated in the oil business, several terms in the contract had industry-specific definitions, and parol evidence was required to define those terms. See Emerald Pointe Prop. Owners’ Ass’n, Inc., 978 So.2d at 877 (noting that extrinsic evidence may be admitted to explain the parties’ intent when terms are ambiguous); NCP Lake Power, Inc. v. Fla. Power Corp., 781 So.2d 531, 536-37 (Fla. 5th DCA 2001) (explaining extrinsic evidence may be admitted to explain technical terms in a contract that have a definite meaning among those dealing in certain commodities even if the contract is unambiguous).
At oral argument, Appellants argued the ambiguities in the contract require a full evidentiary hearing on the issue of liability. Even if we agreed with Appellants’ interpretation of the contract, remand would not be the correct remedy. See Arquette Dev. Corp., 934 So.2d at 558 (reversing grant of partial summary judgment where this court determined trial court’s interpretation was erroneous under de novo review). The key question in this case, whether Appellants breached the contract, turns upon the trial court’s interpretation of Paragraph 7. Further discovery would not have created disputed issues of material fact as to that issue; thus, partial summary judgment was proper. Accord Barco Holdings, LLC v. Terminal Inv. Corp., 967 So.2d 281, 289 (Fla. 3d DCA 2007) (explaining summary judgment may be granted when the future discovery will not create a- disputed issue of material fact). None of the facts developed during *73 the final hearing on damages would have created a material issue of fact regarding liability.
Although the contract could have been clearer, we cannot agree with Appellants’ interpretation of the key contractual provision. The parties’ obvious intent, based upon a plain reading of the contract, was to construct and operate an SDW capable of producing revenue sufficient to provide a return of Appellee’s investment, with interest, over a four-year period. Accordingly, we approve the trial court’s decision granting partial summary judgment.
AFFIRMED.
ROWE, J., concurs; BENTON, J., Dissents With Opinion.