DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GULFSTREAM PARK RACING ASSOCIATION, INC.,**
Appellant/Cross-Appellee,

v.

**MI-V1, INC.,** a Florida corporation, **GERRY KELLY,** an individual, and
**XTREME ELECTRONICS SYSTEMS, INC.,** a Florida corporation,
Appellees/Cross-Appellant.

No. 4D18-1460

[December 18, 2019]

Appeal and cross-appeal from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No.
CACE 10-030143.

Alyssa M. Reiter and Jordan S. Cohen of Wicker Smith O'Hara McCoy
& Ford, P.A., Fort Lauderdale, for appellant/cross-appellee.

Kenneth E. Keechl of Kenneth E. Keechl, P.A., Wilton Manors, for
appellee/cross-appellant MI-V1, Inc., a Florida corporation and appellee,
Xtreme Electronics Systems, Inc., a Florida Corporation.

MAY, J.

The defendant in a landlord-tenant dispute appeals a final judgment.
The landlord argues the trial court erred in instructing the jury on
affirmative defenses for the lease's guarantor after granting its motion for
partial summary judgment against the guarantor. The tenant cross-
appeals the final judgment against it. We agree with the landlord on the
direct appeal and reverse for entry of a judgment against the guarantor.
We affirm all issues on the cross-appeal without further comment.

The landlord and tenant entered a five-year lease, which provided the
tenant would pay monthly rent in exchange for use of the landlord's
premises as a nightclub. The guarantor guaranteed the lease, which
provided that the guarantor:

> absolutely and unconditionally guarantees to [landlord] . . .
> the due prompt and punctual performance of all obligations

of, and the prompt payment when due at all times hereafter of any and all amounts owed by its subsidiary, [tenant], under this Agreement (including any extensions . . .) to [landlord] . . . .

The dispute arose when the landlord advised the tenant to vacate the premises. The tenant filed a complaint alleging the landlord sent a letter indicating it would no longer have access to the premises prior to the lease's expiration and changed the locks on the door. The landlord answered and counterclaimed against the tenant for breach of contract for failure to pay rent. It also impleaded the guarantor.

The tenant moved for partial summary judgment on liability against the landlord. The tenant alleged the landlord's actions violated section 83.05(2), Florida Statutes (2017) because it engaged in self-help to evict the tenant. The tenant relied on the landlord's then-president's testimony that he changed the locks on the premises so that tenant could not get in unless it paid rent. The tenant also relied on the landlord's response to a request for admissions in which the landlord admitted that it never instituted judicial action against tenant in accordance with section 83.05(2).

The landlord responded the tenant had not sued the landlord for a violation of chapter 83 and failed to allege a specific lease provision it breached. The landlord also argued factual issues concerning the tenant's breach of the lease prior to its eviction prevented a summary judgment and that the motion was procedurally improper. The trial court denied the motion leaving the issues for trial.

The landlord moved for summary judgment on liability on its third-party claim against the guarantor. It argued that the guarantor "absolutely and unconditionally agreed to guarantee" the lease and the tenant's obligations. Because the tenant failed to meet its obligations, the guarantor was liable to the landlord. It further argued the guarantor waived all defenses.

At the hearing on the motion, the guarantor argued that it could rely on the tenant's defenses, including the landlord's wrongful eviction, so the motion should be denied. The trial court responded:

> As far as the first motion, the [landlord's] Motion for Summary Judgement against [guarantor] as to the liability issue, the lease appears to be pretty clear and unambiguous. Guarantees the debt, so I'm ruling therefore that motion is

2

granted as to the liability. Obviously, damages, if any, would have to be determined subsequently.

The trial court's order stated: "[s]ummary judgment is granted in favor of [landlord] . . . as to liability on its affirmative claims against [guarantor]." The claim proceeded to trial. The trial encompassed the: 1) tenant's claims against the landlord; 2) landlord's counterclaim against the tenant; and 3) landlord's third-party claim against the guarantor on damages.

The court instructed the jury on liability and damages. The landlord argued that the instructions concerning the guarantor's defenses to liability should not apply to its third-party claim against the guarantor because summary judgment had been entered on the guarantor's liability. The guarantor responded that the summary judgment was merely a finding there was a valid guaranty, but that it did not preclude the guarantor from presenting affirmative defenses on liability to the jury.

The trial court ruled that the guarantor was "entitled to every one of the defenses, under the theory that they flow to you as the guarantor," and proceeded to instruct the jury as follows:

> If the greater weight of the evidence does not support [landlord's claim for breach of lease guaranty, then your verdict should be for [guarantor].
> . . . .
>
> [Guarantor]'s first defense is that – due to [landlord]'s illegal use of a 'self-help' eviction to remove [tenant] from the leased premises – [landlord] is not entitled to recover any sums from [guarantor].
> . . . .
>
> [Guarantor]'s third defense is that [landlord] first breached the lease and the guaranty and therefore [guarantor] has no obligations thereunder.

The jury returned the following verdict.

> 1. [Tenant]'s claim against [landlord]: [Landlord] breached the Lease, but proved one or more of its affirmative defenses.
>
> 2. [Landlord]'s counterclaim against [tenant]: [Tenant] breached the Lease and did not prove any of its affirmative defenses.

3

3. [Landlord]'s third-party claim against [guarantor]: [Guarantor] proved one or more of its affirmative defenses.

The court entered a final judgment, which provided:

1. Plaintiff/Counter-Defendant, [tenant] shall take nothing by this action against Defendant/Counter-Plaintiff [landlord].

2. Defendant/Counter-Plaintiff, [landlord] shall recover two hundred thousand dollars ($200,000) against Plaintiff/Counter-Defendant, [tenant].

3. Third-Party Plaintiff, [landlord] shall take nothing by this action against Third-Party Defendant, [guarantor].

All three parties appealed the final judgment.

The landlord argues the trial court erred in submitting the guarantor's affirmative defenses to the jury because the trial court had previously granted summary judgment against the guarantor on liability. The guarantor admits that its affirmative defenses went to liability, but argues: 1) it was entitled to submit its affirmative defenses; and 2) this court cannot determine whether the jury verdict was improperly rendered because its affirmative defenses went to the issues of both liability and damages. We agree with the landlord.

We have de novo review of legal issues. *Green v. Cottrell*, 204 So. 3d 22, 26 (Fla. 2016).

Summary final judgment operates as any other final judgment. It "'determines and disposes of the whole merits of the cause before the Court . . . .'" *Kaufman v. Heller*, 616 So. 2d 1064, 1065 (Fla. 3d DCA 1993) (quoting *Francisco v. Victoria Marine Shipping, Inc.*, 486 So. 2d 1386, 1391 (Fla. 3d DCA 1986)). A final summary judgment precludes further litigation on the issues it encompassed. *Advent Oil & Operating, Inc. v. S & E Enters., LLC*, 48 So. 3d 70 (Fla. 1st DCA 2010) (Benton, J., dissenting).

Here, the trial court entered summary judgment on liability against the guarantor. The order stated: "[s]ummary judgment is granted in favor of [landlord] . . . as to liability on its affirmative claims against [guarantor]." The order was final as to the landlord's claims against the guarantor on liability. Any affirmative defenses relating to liability were foreclosed from further litigation as to the guarantor, although it was entitled to benefit

4

from any favorable finding for the tenant on the liability issues between the landlord and tenant. But, the trial court erred in instructing the jury on affirmative defenses regarding the guarantor's liability. Allowing the jury to separately consider the tenant and guarantor's liability resulted in finding the tenant liable to the landlord, but the guarantor absolved from liability.

The guarantor argues that even if it were precluded from presenting its affirmative defenses to liability to the jury, we cannot determine whether the verdict was improperly rendered because instructions on both liability and damages were submitted to the jury. We disagree.

A guarantor is liable to the extent of the principal's obligation. *Anderson v. Trade Winds Enters. Corp.*, 241 So. 2d 174 (Fla. 4th DCA 1970). There, we held the note's express language made the second guarantor liable for damages to the extent that the first guarantor was found liable. *Id.* at 177. We reversed the portion of the final judgment which discharged the guarantors and directed the trial court to "enter judgment against the guarantors, jointly and severally, for the amount found owed on the note by the principal debtor . . . ." *Id.*

The same result is required here. Once the trial court determined the guarantor was liable for the tenant, it was subject only to the jury's finding on the tenant's liability. When the jury determined the tenant was liable for $200,000, the guarantor became liable for the same.

We therefore reverse the final judgment in favor of the guarantor and remand the case to the trial court for entry of judgment against the guarantor based on the tenant's liability for $200,000. We have reviewed the issues raised on the cross-appeal, but find no merit in them. We therefore affirm all issues on the cross-appeal.

*Affirm in part and reverse in part.*

TAYLOR and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**